CC-97-610                                          1

En el Tribunal Supremo de Puerto Rico

| | |
|---|---|
| Carmen M. Igarávidez López<br>        Peticionaria<br><br>        V.<br><br>Lester Iván Ricci Asencio<br>        Recurrido | Certiorari<br><br>98TSPR146 |

Número del Caso: CC-97-610

Abogada de la Parte Peticionaria:  Lcda. Olga García Vincenty

Abogada de la Parte Recurrida:     Lcda. Frances Caraballo Pietri

Tribunal de Instancia: Superior de San Juan

Juez del Tribunal de Primera Instancia: Hon. Sonia Ivette Vélez Colón

Tribunal de Circuito de Apelaciones: Circuito Regional I

Juez Ponente: Hon. Miranda de Hostos

Fecha: 11/4/1998

Materia: Divorcio


    Este documento constituye un documento oficial del Tribunal
    Supremo que está sujeto a los cambios y correciones del
    proceso de compilación y publicación oficial de las
    decisiones del Tribunal. Su distribución electrónica se hace
    como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Carmen Milagros Igaravidez
López

  Demandante-Peticionaria

                                   CC-97-610        Certiorari

Lester Iván Ricci Asencio

  Demandado y Recurrido

Opinión del Tribunal emitida por el Juez Asociado señor Hernández
Denton

San Juan, Puerto Rico, a 4 de noviembre de 1998.

La controversia que hoy tenemos ante nuestra consideración es la siguiente: ¿Cuál es el mecanismo para hacer valer una estipulación referente a la liquidación de bienes que suscribió una persona en un divorcio por consentimiento mutuo? Por entender que dicho mecanismo es el de ejecución de sentencia y no una acción independiente, revocamos la determinación del Tribunal de Circuito de Apelaciones.

I.

En el año 1994 la Sra. Igaravidez López y el Sr. Ricci Asencio se divorciaron por la causal

de consentimiento mutuo. Estipularon, entre otras cosas, que un bien que poseían sería vendido y una vez cubierta la hipoteca que recaía sobre dicho inmueble, el sobrante le correspondería a la Sra. Igaravidez López.

Posteriormente, la Sra. Igaravidez López alegó que a pesar de que el inmueble había sido vendido, el señor Ricci había incumplido con lo estipulado ya que no le había pagado la totalidad del sobrante de la venta del inmueble. Por tal razón, luego de varios incidentes procesales, solicitó dentro del pleito original de divorcio la ejecución de la sentencia.

Así las cosas, el Tribunal de Primera Instancia procedió a dictar una orden para embargar bienes del señor Ricci. El señor Ricci solicitó que se dejara sin efecto la orden de embargo trabada, ya que alegadamente tenía varias defensas y consignó en el tribunal lo que adeudaba, hasta tanto se resolviera la controversia.

El tribunal de instancia celebró una vista y resolvió que no procedía la ejecución de la sentencia dentro del pleito de divorcio que se llevó a cabo ante la sala de relaciones de familia por tratarse de una controversia de "interés privado de las partes". Entendió el foro a quo que la controversia no podía ser objeto de disposición final dentro del pleito original ni ante la consideración de la sala de relaciones de familia. Por tal razón, dejó sin efecto la orden de embargo y ordenó la devolución del dinero que el señor Ricci había consignado en el tribunal.

Inconforme, la señora Igaravidez recurrió al Tribunal de Circuito de Apelaciones, el cual denegó el recurso de certiorari presentado por entender que el Tribunal de Primera Instancia actuó correctamente al dejar sin efecto la orden de embargo que había emitido y ordenar que la reclamación se tramitara por la vía ordinaria ante la sala civil correspondiente.

No conforme con la determinación del Tribunal de Circuito de Apelaciones, la Sra. Igaravidez recurre ante nos. Con el beneficio de las posiciones de ambas partes, procedemos a resolver la controversia.

## II.

En el año 1978, este Tribunal en Figueroa Ferrer v. E.L.A., 107 D.P.R. 250 (1978), reconoció el consentimiento mutuo de los cónyuges como causa legítima para el divorcio. Allí, esbozamos unas normas generales para la tramitación de la acción de divorcio por consentimiento mutuo. En ese sentido señalamos que la acción habría de tramitarse mediante una petición conjunta, la que había de venir acompañada de estipulaciones referentes a la división de bienes, el sustento de las partes y otras consecuencias del divorcio. Figueroa Ferrer, a la pág. 276-277.

En cuanto a la naturaleza de las estipulaciones contenidas en una petición de divorcio por la causal de consentimiento mutuo, hemos señalado que constituyen un contrato de transacción que obliga a las partes. Magee v. Alberro, 126 D.P.R. 228 (1990); Negrón y Bonilla, *Ex parte,* 120 D.P.R. 61 (1987). Como norma general, el juez aceptará los convenios y las estipulaciones a las cuales las partes lleguen para finalizar un pleito y este acuerdo tendrá efecto de cosa juzgada. Negrón y Bonilla, *Ex Parte,* supra; Canino v. Bellaflores, 78 D.P.R. 778 (1955).

## III.

Respecto al contrato de transacción, resulta pertinente señalar que el Artículo 1709 del Código Civil, 31 L.P.R.A. sec.4821, lo define de la siguiente forma:

> *La transacción es un contrato por el cual las partes, dando, prometiendo o reteniendo cada cual alguna cosa, evitan la provocación de un pleito o ponen fin al que había comenzado.*

Recientemente este Tribunal en <u>Neca Mortgage</u> v. <u>A & W Developers</u>, Opinión y Sentencia de 7 de febrero de 1995, __ D.P.R.__ (1995), tuvo la oportunidad de discutir *in extenso* la figura del contrato de transacción. Allí señalamos que existen dos tipos de contratos de transacción: el judicial y el extrajudicial.

Estamos ante un contrato de transacción extrajudicial si antes de comenzar un pleito, las partes interesan eliminar la controversia mediante un acuerdo, o si aún estando el pleito pendiente, las partes acuerdan una transacción sin la intervención del tribunal. Por el contrario, si la controversia degenera en un pleito y, luego de éste haber comenzado, las partes acuerdan eliminar la controversia y solicitan incorporar el acuerdo al proceso en curso, estamos ante un contrato de transacción judicial el cual tiene el efecto de terminar el pleito.

El Artículo 1715 del Código Civil, 31 L.P.R.A. sec. 4827, recoge el principio de que la transacción tiene, para las partes, el efecto de cosa juzgada. Esto significa que las partes tienen que considerar los puntos discutidos como definitivamente resueltos, y no pueden volver nuevamente sobre éstos. <u>Citibank</u> v. <u>Dependable Ins.</u>, 121 D.P.R. 503 (1988).

La transacción, como todo contrato, no garantiza el que los contratantes cumplan con sus respectivas prestaciones. Por tanto, puede precisarse la intervención judicial para procurar que la transacción rinda su finalidad esencial de dirimir divergencias en la forma convenida. Castán Tobeñas, <u>Derecho Civil Español</u>, T.IV, pág. 816. Así pues, cuando se trata de una transacción judicial si una de las partes incumple con lo estipulado, se puede solicitar inmediatamente que lo convenido se lleve a efecto, pues tiene para las partes la misma fuerza

que la sentencia firme y se puede, por lo tanto, utilizar el procedimiento de apremio. <u>Neca Mortgage</u> v. <u>A & W Developers</u>, supra.[1]


## IV

La Regla 51 de Procedimiento Civil, 32 L.P.R.A. Ap.III, establece todo lo relativo al procedimiento de apremio o de ejecución de una sentencia. La regla general es que todas las sentencias se ejecutan en el tribunal de origen, es decir, en el tribunal que dictó la sentencia que se pretende ejecutar. La parte a cuyo favor se dicte la sentencia, podrá ejecutarla mediante el procedimiento fijado en la Regla 51, en cualquier tiempo dentro de cinco (5) años de ser firme la misma. Expirado dicho término, podrá ejecutarse la sentencia mediante autorización del tribunal a moción de parte y previa notificación a todas las partes. <u>Figueroa</u> v. <u>Banco</u>, 108 D.P.R. 680 (1979); <u>Avilés</u> v. <u>Torres</u>, 97 D.P.R. 144 (1969).

## V

De lo esbozado anteriormente se desprende que las estipulaciones en un caso de divorcio por consentimiento mutuo constituyen un contrato de **transacción judicial**. Esto es así porque ponen fin a una acción e incorporan unos acuerdos al proceso judicial en curso. Por tanto, cuando una de las partes incumple, como en el presente caso, con una estipulación relativa a la liquidación de bienes el mecanismo que nuestro ordenamiento jurídico contempla para que lo convenido se lleve a efecto es el procedimiento de ejecución de sentencia.[2] No es necesario instar una acción independiente. Ya en otra ocasión al señalar que el procedimiento de desacato civil no procede para hacer

---

[1] Por el contrario, la transacción extrajudicial sólo puede hacerse cumplir cuando se haya declarado su eficacia en el juicio correspondiente. <u>Neca Mortgage v. A&W Developers</u>, supra.

[2] Aprovechamos para señalar que la imposición del requisito de estipular lo relativo a la división de bienes tiene el propósito de que una vez decretado el divorcio las partes no tengan que enfrentarse nuevamente a dilucidar aspectos de la liquidación del régimen económico que puedan traer hostilidades y desavenencias entre ellos. Todos los componentes del proceso: jueces, abogados y peticionarios deben cerciorarse de que antes de redactar las estipulaciones han pasado por un proceso deliberativo que les haya permitido meditar sobre las consecuencias económicas que el divorcio tendrá para cada uno. A veces la prisa por obtener el divorcio hace que se lleguen a acuerdos que las partes no pueden cumplir, recargando a los tribunales con incidentes relacionados con el incumplimiento de las estipulaciones.

valer la obligación en la que incurrió una persona mediante las estipulaciones que formaron parte de la petición de divorcio por consentimiento mutuo, indicamos que el ex cónyuge que reclama el cumplimiento de la estipulación "no queda huérfano de remedios. El mismo tiene a su alcance los métodos ordinarios de **ejecución de sentencia**". Pabón Rodríguez y Díaz López, *Ex parte*, Opinión y Sentencia de 9 de marzo de 1993, __ D.P.R.__ (1993).

Una de las contenciones principales del recurrido señor Ricci es que el divorcio por consentimiento mutuo se dictó por una Sala de Relaciones de Familia del Tribunal de Primera Instancia, por lo que procedía que otra sala civil y no la sala de relaciones de familia dilucidara lo relativo al alegado incumplimiento de una estipulación. Esto por ser dicha controversia una de naturaleza privada entre las partes. No le asiste la razón.

El Artículo 5.003 de la Ley de la Judicatura de Puerto Rico dispone que el Tribunal de Primera Instancia conocerá de todo asunto civil, con independencia de la materia y la cuantía que se reclame en la acción. Sin embargo, para facilitar el manejo de casos en los tribunales, administrativamente se han ido creando salas especializadas en asuntos relacionados con la familia.[3] Así por ejemplo, en estas salas se dilucidan, entre otros asuntos, controversias relativas a custodia, patria potestad y divorcios.

No obstante dicha estructura, establecida para una sana administración judicial y organización administrativa, no puede ser contraria a las reglas sobre la competencia del Tribunal de Primera Instancia, ni con la norma constitucional que dispone que los tribunales en Puerto Rico constituyen un sistema judicial unificado en lo concerniente a jurisdicción. Tampoco puede estar reñido con el principio de que todo procedimiento ha de resolverse de forma justa, rápida y económica. Regla 1 de Procedimiento Civil. 2 LPRA Ap. III, R.1.

Entendemos que en aras de economía procesal, y para evitar que un caso entre las mismas partes y sobre el mismo incidente, pueda estar

fragmentado en distintas salas del Tribunal de Primera Instancia, es dentro del pleito original de divorcio por consentimiento mutuo que debe dilucidarse el procedimiento de ejecución de sentencia cuando una parte incumple con lo estipulado en la petición de divorcio referente a la liquidación de bienes.

La conclusión a la que llegamos hoy es cónsona con el principio general de que es al tribunal que dictó la sentencia al que le corresponde autorizar la ejecución de la misma en los casos correspondientes. Además es compatible también con los pronunciamientos que ha hecho este Tribunal de que los incidentes que surjan con posterioridad a una sentencia de divorcio deben dilucidarse dentro de ese mismo pleito. *Véase* Key Nieves v. Oyola Nieves, 116 D.P.R. 261 (1985).

VI

En el presente caso, erró el Tribunal de Circuito de Apelaciones al confirmar la resolución dictada por el Tribunal de Instancia en virtud de la cual determinó que no procedía dilucidar en un procedimiento de ejecución de sentencia (dentro del pleito original de divorcio) lo relativo al alegado incumplimiento con una estipulación referente a la liquidación de bienes.

Como señalamos anteriormente, el mecanismo que nuestro ordenamiento reconoce para hacer cumplir una estipulación contenida en una petición de divorcio por consentimiento mutuo, lo cual constituye una transacción judicial, es el de ejecución de la sentencia. Procede en el caso de marras que la señora Ricci solicite la ejecución de la sentencia dentro del pleito original de divorcio.

Se dictará la sentencia correspondiente.


FEDERICO HERNANDEZ DENTON
Juez Asociado

---

[3] Debe entenderse que el término "salas" se refiere a salones de sesiones especializados en asuntos específicos, no a "salas" en el contexto de la Ley de la Judicatura.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Carmen Milagros Igaravidez
López

  Demandante-Peticionaria

     v.                              CC-97-610      Certiorari

Lester Iván Ricci Asencio

  Demandado y Recurrido

SENTENCIA

San Juan, Puerto Rico, a 4 de noviembre de 1998.

        Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte de la presente, se revoca la sentencia emitida por el Tribunal de Circuito de Apelaciones y se ordena al Tribunal de Primera Instancia que proceda con la solicitud de ejecución de sentencia instada por la peticionaria dentro del pleito original de divorcio.

        Así lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo.  El Juez Asociado señor Fuster Berlingeri emitió Opinión Concurrente.  El Juez Asociado señor Rebollo López no interviene.


                          Isabel Llompart Zeno
                       Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Carmen Milagros Igaravidez
López

      Demandante-Peticionaria

   vs.                                          CC-97-610          Certiorari

Lester Iván Ricci Asencio

      Demandado-Recurrido

Opinión Concurrente emitida por el Juez Asociado señor FUSTER BERLINGERI.

San Juan, Puerto Rico, a 4 de noviembre de 1998.

En el caso de autos, la sentencia de divorcio mediante la cual se decretó la disolución del matrimonio entre la peticionaria y el recurrido, contenía un párrafo en virtud del cual el foro de instancia ordenó la liquidación de los bienes gananciales conforme al acuerdo sobre el particular convenido por las partes. El último párrafo de dicha sentencia lee así:

> *"El Tribunal aprueba la estipulación suscrita por las partes, la incorpora y hace formar parte de esta sentencia, y apercibe a los peticionarios de su fiel cumplimiento."*
>
> *A la luz de lo dispuesto en este párrafo, no puede haber duda alguna de que el recurrido y la peticionaria estaban obligados a efectuar la*

*liquidación de los bienes gananciales referida, por mandato judicial. Dicha liquidación fue expresamente ordenada mediante la sentencia aludida; formaba parte del dictamen del foro de instancia en el pleito de divorcio.*

*En vista de lo anterior, al haber incumplido el recurrido con lo decretado en la sentencia respecto a la liquidación de los bienes gananciales, procedía que se efectuara la ejecución de dicha sentencia conforme lo dispone la Regla 51 de Procedimiento Civil de Puerto Rico, 32 L.P.R.A. Ap. III.*

*La Regla 51 referida no dispone expresamente que la ejecución de una sentencia se tramitará en el mismo foro que la dictó, como parte del mismo pleito en el cual dicha sentencia fue emitida. Pero es evidente que ello es así. Los procedimientos de ejecución de sentencia, por su propia naturaleza, son procedimientos suplementarios. Resolution Trust Corp. v. Ruggiero, 994 F.2d 1221 (1993). Constituyen una prolongación o apéndice del proceso que dio lugar a una sentencia, que en ocasiones deben realizarse para darle cumplimiento o eficacia a dicha sentencia. En un pleito, son las actividades procesales ulteriores que se llevan a cabo luego del pronunciamiento judicial medular, para acomodar la realidad exterior al mandato del tribunal. Pietro-Castro y Ferrandiz, Derecho Procesal Civil, Vol. II, 2da. ed., Editorial Tecnos, Madrid, 1974, a la pág. 157. Tratándose, pues, de un procedimiento suplementario, la ejecución tiene que llevarse a cabo en el mismo foro que dictó la sentencia que se interesa ejecutar, como parte del mismo pleito en el cual tal sentencia fue emitida. Por ello, con razón, afirma Cuevas Segarra, que "la sentencia se ejecuta en el tribunal sentenciador".[4]*

*Por estas sencillas, pero elementales razones, concurro con la mayoría del Tribunal en cuanto a que, en el presente caso, el foro apelativo erró al confirmar la resolución del foro de instancia en*

---

[4] Cuevas Segarra, Práctica Procesal Puertorriqueña, Vol. II, 1979, a la pág. 277.

*virtud de la cual éste determinó que no procedía la ejecución de la*
*sentencia dentro del pleito de divorcio.*


JAIME B. FUSTER BERLINGERI
JUEZ ASOCIADO