CARLOS EDUARDO KEY NIEVES, demandante y recurrido, *v.* ISABEL MILAGROS OYOLA NIEVES, demandada y peticionaria.

*Número:* O-84-685          *Resuelto:* 1ro de abril de 1985

262

*Mario A. Rodríguez Torres,* abogado de la peticionaria; *Emilio A. Soler,* abogado del recurrido.

El Juez Asociado Señor Rebollo López emitió la opinión del Tribunal.

Las partes se divorciaron mediante sentencia de fecha 25 de junio de 1980 emitida por el Tribunal Superior de Puerto Rico, Sala de San Juan. A esa fecha, dos de los varios hijos habidos en el matrimonio eran menores de edad y se econtraban estudiando a nivel universitario.[1] En la sentencia de divorcio dictada, y en relación con dichos menores de edad, el tribunal de instancia le ordenó al aquí recurrido Dr. Carlos Key Nieves el satisfacer por concepto de pensión alimenticia la suma de "$2,200.00 por adelantado *para sus hijos* . . . en giro postal o bancario *a nombre de la parte demandada . . .*", (énfasis suplido) la aquí recurrente Dra. Isabel Oyola Nieves.

El 17 de mayo de 1984 el recurrido, mediante moción al efecto, solicitó del tribunal de instancia que lo eximiera de la obligación legal antes mencionada por razón de que los dos hijos ya eran mayores de edad y habían terminado sus estudios de bachillerato. La referida ex esposa se opuso a lo así solicitado alegando que los hijos en controversia todavía vivían en su compañía y que *ambos* se proponían *comenzar* estudios de *odontología* en una universidad localizada en los Estados Unidos de América, por lo que todavía existía una necesidad imperiosa de la pensión alimenticia.

El tribunal de instancia,[2] mediante resolución al efecto de fecha 5 de septiembre de 1984, relevó al recurrido del pago de la pensión alimenticia, efectivo ello el día 31 de julio de 1984. Resolvió que no eran de aplicación al caso las disposiciones del Art. 142 del Código Civil de Puerto Rico[3] por razón de que dichos hijos "están emancipados por mayoridad y no están sujetos a patria potestad". Expresó, adicionalmente, el tribunal de instancia que "si dichos hijos tienen

---

[1] José Luis y Rosa María, de apellido Key Oyola, quienes contaban la edad de veinte (20) y dieciocho (18) años respectivamente.

[2] Hon. Lolita Miranda, Juez.

[3] 31 L.P.R.A. sec. 561.

necesidad de alimentos . . . ya tienen también la capacidad legal para solicitarlos judicialmente . . .". Enfatizó el foro de instancia, por último, el hecho de que los hijos en cuestión habían tomado un tiempo irrazonablemente largo para terminar sus estudios de bachillerato. (⁴)

Inconforme con la resolución emitida, la doctora Oyola Nieves acudió ante este Tribunal mediante la radicación del correspondiente recurso de *certiorari* imputándole error al tribunal de instancia al eliminar la pensión alimenticia para beneficio de los hijos por razón, principalmente, "de que éstos continúan estudiando una carrera que comenzaron siendo menores de edad, tener necesidad de dichos alimentos y el demandante-recurrido tener la capacidad para sufragarlos".

Con el propósito de "evitar el trámite más complicado y largo de expedir" el auto de *certiorari* solicitado, (⁵) le concedimos término a la parte recurrida para que mostrara causa por la cual este Tribunal no debía revocar la resolución emitida por el foro de instancia. Dicha parte ha comparecido; estando en condiciones de resolver el recurso procedemos a así hacerlo.

## I

■ Acorde con los hechos particulares del presente caso y con lo resuelto por este Tribunal en *Guadalupe Viera* v. *Morell*, 115 D.P.R. 4 (1983), el deber, si alguno, del aquí recurrido doctor Key Nieves de proveerle "alimentos" o asistencia económica a sus hijos Rosa María y José Luis Key Oyola emana de las disposiciones de los Arts. 142 a 151, inclusive, del Código Civil de Puerto Rico, (⁶) cual es el articulado que regula lo concerniente a "alimentos entre parientes".

En el mencionado caso de *Guadalupe Viera* v. *Morell*, supra, pág. 14, al tratar el concepto de alimentos, según lo de-

---

(⁴) Siete (7) años a José Luis y seis (6) años a Rosa María.

(⁵) *Pueblo* v. *Ruiz Negrón*, 113 D.P.R. 17 (1982).

(⁶) 31 L.P.R.A. secs. 561 a 570.

fine el citado Art. 142 del Código Civil, ([7]) expresamos en lo pertinente que dicho concepto:

> . . . incluye todo lo que es indispensable para el sustento, habitación, vestido y asistencia médica, según la posición social de la familia. Comprende, además, la educación del alimentista, cuando es menor de edad. Esta enumeración que hace el Código cubre todas las necesidades básicas de un ser humano, tanto físicas como intelectuales. En el aspecto de educación e instrucción la duración de la obligación se ha limitado a la minoridad del alimentista, *pero los tratadistas están de acuerdo en que los términos del Código no pueden entenderse en sentido tan absoluto y restringido de modo que si éste se ha iniciado en un oficio o carrera durante la minoridad, tiene derecho a exigir que el alimentante le provea los medios para terminarlo, aun después de haber llegado a la mayoridad.* (Énfasis nuestro.) J. M. Manresa, *Comentarios al Código Civil Español*, Madrid, Ed. Reus, 1956, T. I, pág. 791; F. Puig Peña, *Compendio de Derecho Civil Español*, 3ra ed. rev., Madrid, Eds. Pirámide, 1976, T. V, pág. 501.

■ Somos del criterio que el deber legal de todo padre o madre de proveer los medios económicos necesarios para la educación de un hijo —proporcional *siempre* "a los recursos del que los da y a las necesidades del que los recibe . . ." ([8]) — no puede cesar "ipso facto" meramente por el hecho de que el hijo ha alcanzado su mayoría de edad.

■ Resolver lo contrario representaría darle la espalda, cuando menos, a una realidad escolar particular de nuestra vida puertorriqueña y a una que es válida y aplicable mundialmente. Tomamos conocimiento judicial del hecho que el

---

([7]) "Se entiende por alimentos todo lo que es indispensable para el sustento, habitación, vestido y asistencia médica, según la posición sociàl de la familia.

"Los alimentos comprenden también la educación e instrucción del alimentista, cuando es menor de edad." Art. 142 del Código Civil de Puerto Rico.

([8]) Art. 146 del Código Civil, 31 L.P.R.A. sec. 565.

Departamento de Instrucción Pública del Estado Libre Asociado de Puerto Rico ha establecido como "requisito de admisión" la edad cronológica de seis (6) años para ingresar a primer grado de escuela elemental, aplicable ello tanto a escuelas públicas como privadas.(9) Teniendo generalmente que completar un niño doce años de estudios escolares antes de alcanzar su diploma de cuarto año de escuela superior, ello significa y tiene la consecuencia de que, como regla general, todo estudiante que interese completar cuatro (4) años de estudios universitarios no podrá así hacerlo antes de rebasar la edad de veintiún (21) años. Por otro lado, en el mundo en que vivimos hoy día, donde el éxito que se pueda obtener guarda relación directa con la preparación académica que poseamos y donde la competencia es la orden del día, la percepción de que los estudios universitarios constituyen un "lujo" es cosa del pasado; dichos estudios se han convertido en una necesidad. Véanse: *Middlebury College* v. *Chandler*, 42 Am. Dec. 537 (Vt. 1844); *Childers* v. *Childers*, 575 P.2d 201 (1978); *Payette* v. *Payette*, 85 N.H. 297, 157 A. 531 (1931); *Lund* v. *Lund*, 74 A.2d 557 (1950).

█ Reafirmamos —al menos en cuanto a los estudios de bachillerato— en el día de hoy lo expresado en el citado caso de *Guadalupe Viera* v. *Morell*, supra, pág. 14, a los efectos de que, *bajo circunstancias normales,*(10) cuando un hijo "se ha iniciado en un oficio o carrera durante la minoridad, *tiene derecho a exigir* que el alimentante le provea los medios para terminarlo, aun después de haber llegado a la mayoridad". (Énfasis suplido.)

La situación particular que representan los estudios postgraduados, como maestrías o doctorados, y el estudio de aque-

---

(9) Véanse cartas circulares número 26-76-77 de 14 de abril de 1977 y número 9-84-85 del 20 de diciembre de 1984 suscritas por el Secretario del Departamento de Instrucción Pública de Puerto Rico.

(10) Sujeto a los resultados, diligencia y continuidad observada en los estudios.

llas profesiones (¹¹) que requieren en exceso de los cuatro años de bachillerato amerita una consideración especial y separada que, como regla general, tendrá que ser resuelta de acuerdo a los hechos particulares de cada caso.

No hay duda que la ilusión y meta de todo padre responsable es la de brindarle a todos y cada uno de sus hijos la mejor preparación posible para que éstos puedan enfrentarse a la dura realidad de la vida que les espera y que con ese propósito en mente no escatimarán esfuerzo por que sus hijos así lo logren.

■ Ello no significa, sin embargo, que un padre venga "obligado" en todo caso a sufragar la totalidad de los gastos requeridos para que sus hijos obtengan el objetivo deseado. En primer lugar, *siempre deberá tenerse presente el mandato del citado Art. 146 del Código Civil* a los efectos de que los alimentos a concederse serán proporcionales a los recursos del que los da y a las necesidades del que los recibe; teniendo prioridad sobre los recursos disponibles las "necesidades" de aquellos hijos que todavía se encuentran en su minoría de edad cursando estudios primarios o a nivel de bachillerato.

■ En segundo lugar, el hijo que solicite "alimentos" o asistencia económica para estudios "postgraduados" deberá demostrar afirmativamente que es *acreedor de tal asistencia económica* mediante la *actitud demostrada* por los esfuerzos realizados, (¹²) la *aptitud manifestada* para los estudios que desea proseguir a base de los resultados académicos obtenidos, y la *razonabilidad del objetivo* deseado. Véase *Childers* v. *Childers*, supra. Únicamente luego de que todas las anteriores circunstancias o criterios hayan sido acreditados a satisfacción del tribunal es que dicho foro podrá fijar aquella suma de dinero que por concepto de "alimentos" entienda procedente y

---

(¹¹) Tales como la carrera de Medicina, Odontología, Derecho, etc.

(¹²) Lo cual comprende la seriedad, perseverancia y diligencia observada en sus estudios y la continuidad de los mismos.

razonable y, si necesario, utilizar su poder coercitivo para obligar al alimentante a cumplir con los mismos. ([13])

## II

El tribunal de instancia determinó que habiendo cumplido los hijos aquí en controversia la mayoría de edad, era de la absoluta incumbencia de éstos —de necesitar "alimentos"— el solicitar judicialmente los mismos en procedimiento distinto y separado al caso que dio lugar al divorcio de sus padres; pleito dentro del cual, como hemos visto, el tribunal originalmente le había fijado al recurrido el pago de una pensión alimenticia para beneficio de sus hijos, ello al amparo de las disposiciones del citado Art. 142 del Código Civil de Puerto Rico.

Como es sabido, la Regla 1 de las Reglas de Procedimiento Civil de 1979 dispone, en lo pertinente, que las mismas se "interpretarán de modo que garanticen una *solución justa, rápida y económica* de todo procedimiento". (Énfasis suplido.) Somos del criterio que nada impide que dicha asistencia económica o "alimentos" sean reclamados dentro del referido pleito principal u original; la economía procesal así lo exige. *Cf. Ortiz Serrano v. Ortiz Díaz,* 106 D.P.R. 445 (1977).

■ Ahora bien, siendo los hijos ya mayores de edad, tratándose de estudios postgraduados, y teniendo los referidos hijos —conforme lo anteriormente resuelto— la obligación de acreditar a satisfacción del tribunal una serie de circunstancias, es de rigor que sean los propios hijos los que originen dicha petición.

Por los fundamentos arriba expresados, *se expide el auto y se dictará sentencia revocatoria de la resolución de fecha 5 de*

---

([13]) Sobre la obligación de colacionar las sumas de dinero invertidas en los estudios postgraduados de los hijos, *quaere.* Véase E. González Tejera, *Derecho Sucesorio Puertorriqueño,* San Juan, Imprenta Ramallo Bros., 1983, Vol. I, pág. 389.

*septiembre de 1984 emitida en el presente caso por el tribunal de instancia, devolviéndose el caso al referido foro para procedimientos ulteriores compatibles con lo aquí resuelto.*

El Juez Presidente Señor Trías Monge concurre en el resultado sin opinión.