TEXTO COMPLETO DE LA SENTENCIA
Acude ante esta Curia, el padre alimentante Pedro A. Salicrup Rivera, solicitando la modificación o revocación de una sentencia de alimentos dictada por el Tribunal de Primera Instancia, Sala de Carolina, en 9 de abril de 1999. Examinado el recurso y los documentos obrantes en autos, así como la exposición narrativa de la prueba adoptada por este tribunal, se modifica la sentencia apelada, y así modificada se confirma.
I. Relación de hechos.
En 7 de julio de 1995, el Tribunal de Primera Instancia, Sala de Carolina (Hon. Roberto N. Miranda, J.), dictó sentencia de divorcio disolviendo el vínculo matrimonial entre la entonces demandante Aida M. López De Jesús ("López"), y el demandado Pedro A. Salicrup Rivera ("Salicrup") por la causal de separación. En su sentencia, el foro de instancia le impuso al padre Salicrup Rivera una pensión alimentaria de trescientos dólares ($300.00) mensuales, presumiblemente para su menor hija Vilmary Salicrup López, ya que ello no se especificó en la sentencia.
En 30 de enero de 1998, el padre alimentante Salicrup presentó, a través de su abogado Ledo. Félix Rodríguez Mejías, una Moción Informativa indicando que "el demandado tiene una pensión de $200.00 a favor de su hija", y que "su hija advino a la mayoría de edad." A la moción se unió el certificado de nacimiento de su hija Vilmary, del cual surge que ésta nació en 16 de diciembre de 1975.
Es evidente que Vilmary cumplió los 21 años, llegando a la mayoría de edad en 16 de diciembre de 1996, y no es hasta el 30 de enero de 1998, más de dos años después, que el padre solicita la suspensión de la pensión alimentaria para su hija.
La moción solicitando el fin de la pensión alimentaria le fue notificada al Ledo. Elliot Hernández Martínez, quien fuera el abogado de López De Jesús, madre de Vilmary, con quien vive su hija.
No se presentó oposición alguna a la solicitud del padre Salicrup, por lo que con fecha de 4 de marzo de 1998, *897 el Tribunal de Primera Instancia, Sala de Carolina, en el ejercicio de su discreción, relevó al padre del pago de la pensión alimentaria para su hija Vilmary.
Transcurren dos meses, y en 20 de mayo de 1998, compareció dentro del pleito de divorcio de sus padres, la hija Vilmary, como "interventora", con una solicitud de que se reinstalara su pensión alimentaria debido a que ella cursaba estudios en la Universidad de Puerto Rico. Finalmente, asumió la representación legal de Vilmary, la Clínica de Asistencia Legal de la Universidad de Puerto Rico.
En su sentencia, el tribunal apelado hace un recuento de las vicisitudes que hubo para ver el caso finalmente, incluyendo el estado de emergencia causado por el huracán Georges, y señala que finalmente se celebró la vista evidenciaría en 9 de marzo de 1999, transcurrido un año desde que ese mismo tribunal dejara sin efecto la pensión de Vilmary como hija menor.
Celebrada la vista del caso, el tribunal apelado emitió el dictamen que genera la presente apelación, y en ella se imputa al tribunal la comisión de varios errores, los cuales discutimos a continuación.
De entrada, debemos señalar que conforme la Opinión del Tribunal Supremo de Puerto Rico en el caso de Figueroa Hernández v. Del Rosario Cervoni, _ D.P.R. _ (1998), 98 J.T.S. 151, "[l]a determinación que emita el foro de instancia resolviendo una solicitud de modificación de un decreto de custodia o alimentos, por cambio en las circunstancias, adjudica una reclamación entre las partes, de acuerdo con los hechos y circunstancias existentes en el momento en que se dilucida y resuelve la misma, y, por ende, constituye una nueva sentencia de la cual puede apelarse." Por ello hemos convertido el presente recurso en uno de apelación.
Los errores imputados al tribunal apelado son los siguientes:

“1. Erró el Tribunal al establecer una pensión alimentaria efectiva al mes de enero de 1998, cuando la petición para dicha pensión fue solicitada el día 20 de mayo de 1998.

2. Erró el Tribunal al entender que la interventora Vilmary Beatriz Salicrup López no se había enterado de la solicitud de revocación de pensión alimentaria cuando la misma fue notificada a su mamá a través de su abogado y ella vivía con su mamá.

3. Erró el Tribunal al no darle importancia al hecho de que la interventora, Vilmary Beatriz Salicrup Rivera, le sobraba suficiente dinero para comprar un carro mejor que el de su padre y pagar el mismo, en vez de usar este dinero para sus estudios o para su manutención.

4. Erró el Tribunal al no tomar en consideración que faltando apenas cuatro meses para graduarse, la Interventora Vilmary Beatriz Salicrup López abandonó sus estudios.

5. Erró el Tribunal al no tomar en consideración los años que lleva la interventora, Vilmary Beatriz Salicrup López estudiando y los años que la misma estima que le tomará acabar un bachillerato que todos conocemos es de cuatro años, si la persona coge una carga completa de diez y seis, diez y siete o diez y ocho crédito por semestre. Cometió error también el Tribunal al no tomar en consideración que la Interventora Vilmary Beatriz Salicrup López, no era la estudiante que a simple vista se desprende de su récord académico (véase identificación IV).

6. El Tribunal cometió error de derecho, al entender que la interventora Vilmary Beatriz Salicrup López, tenía derecho a una pensión alimentaria cuando las circunstancias de las relaciones entre ella y su padre eran anormales y ella ni tan siquiera le hablaba a su padre. ”

*898 II. El Derecho Aplicable.
Discutiremos, brevemente, los errores señalados por la parte apelante.
1. Erró el Tribunal al establecer una pensión alimentaria efectiva al mes de enero de 1998, cuando la petición para dicha pensión fue solicitada el día 20 de mayo de 1998.
Este error se cometió.
2. Erró el Tribunal al entender que la Interventora Vilmary Beatriz Salicmp López no se había enterado de la solicitud de revocación de pensión alimentaria cuando la misma fue notificada a su mamá a través de su abogado y ella vivía con su mamá.
Este error se cometió, pero el mismo no tiene consecuencia jurídica alguna, como veremos.
Discutiremos ambos errores conjuntamente.
Vilmary estuvo recibiendo pensión alimentaria como menor de edad, a través de su señora madre en el caso de divorcio, y esa pensión cesó por dictamen judicial en 4 de marzo de 1998. Para que dicha pensión cesara, se tenía que notificar a la parte a quien se le estaba pagando la misma, y eso era a doña Milagros López, madre de Vilmary.
Posteriormente, en 20 de mayo de 1998, Vilmary presentó por derecho propio, como intervenrora en el caso de divorcio de sus padres, una moción solicitando se reinstalara la pensión fijada en dicho caso. Solicitó, además, que la pensión se restableciera retroactivo al mes de enero de 1998.
El dictamen presenta dos cuestiones jurídicas distintas.
Como indica el Tribunal Supremo en Key Nieves v. Oyóla Nieves, 116 D.P.R. 261, 268 (1985), una vez los hijos cumplen su mayoría de edad, si necesitaren alimentos, es de su absoluta incumbencia el solicitar judicialmente dichos alimentos en un procedimiento separado y distinto del caso que dio lugar al divorcio de sus padres.
No obstante, se indica en dicho caso de Key Nieves v. Oyóla Nieves, supra, a la página 268, que nada impide que la asistencia económica o alimentos sean reclamados dentro del referido pleito principal u original. Ibid.
No existe problema, por tanto, en que Vilmary solicitara los alimentos dentro del caso de divorcio.
El problema resulta en cuanto a la retroactividad de la pensión fijada. Esta pensión será retroactiva a la fecha en que Vilmary la solicitó judicialmente, en 20 de mayo de 1998, conforme el Artículo 147 del Código Civil, 31 L.P.R.A. see. 566, según enmendado, el cual establece en parte lo siguiente:

“La obligación de dar alimentos será exigible desde que los necesitare para subsistir la persona que tuviere derecho a percibirlos; pero no se abonarán, sino desde la fecha en que se interponga la demanda.

El hecho de que no se notificara, ni "emplazara" a Vilmary con la solicitud de alimentos, no puede afectar la vigencia de la pensión. La pensión original se estableció como parte de un procedimiento de divorcio, y una pensión alimenticia para hija menor. En aquel procedimiento, la parte interesada lo era doña Milagros López, no Vilmary, y a doña Milagros se le notificó copia de la moción solicitando la terminación de la pensión a través de su abogado de récord en el caso de divorcio, Ledo. Elliot Hernández Martínez.
*899 La parte que reclama la pensión, sugiere que del mismo modo que la Ley de Sustento de Menores, 8 L.P.R.A. Sees. 501-530, establece en la See. 514, que cuando se solicita una pensión a beneficio de un menor de edad, se tiene que emplazar y/o notificar al alimentante, debe haber igual obligación cuando es el alimentante el que desea terminar la pensión. Es razonable pensar que ello es así cuando se trata de alimentos que están vigentes para un menor de edad. En este caso, resulta ser, por el contrario, que el alimentante solicitó del tribunal apelado que le impuso la pensión alimentaria como parte de un divorcio, y para una menor de edad, que cesara dicha pensión porque la alimentista había adquirido la mayoría de edad, tenía entonces 23 años, era mayor de edad, y era para el derecho, una persona autosuficiente, exenta de la cubierta de la Ley de Sustento de Menores.
Por tanto, la apreciación que hiciera el Juez en la sentencia de que Vilmary "no advino al conocimiento de este proceso", o sea, que no fuera informada por su madre de que se había suspendido la pensión, no tiene ni puede tener consecuencia jurídica alguna, y mucho menos servir para retrotraer la pensión a la fecha de la solicitud de cese de la pensión en 30 de enero de 1998. Señalamos, además, que en la exposición narrativa de la prueba adoptada por nosotros como parte del legajo en apelación, no surge que Vilmary declarase en la vista del caso desconocimiento de que la pensión había cesado por dictamen judicial.
3. Erró el Tribunal al no darle importancia al hecho de que la interventora, Vilmary Beatriz Salicrup Rivera le sobraba suficiente dinero para comprar un carro mejor que el de su padre y pagar el mismo, en vez de usar este dinero para sus estudios o para su manutención.
Esto no constituye error. Si bien es cierto que el automóvil puede resultar en una necesidad en determinadas circunstancias, el Artículo 142 del Código Civil no se ha enmendado para incluir "transportación en auto propio", como uno de los factores imprescindibles de una pensión alimentaria, la cual incluye: "todo ló que es indispensable para el sustento, habitación, vestido, asistencia médica, y educación e instrucción del alimentista, cuando es menor de edad.". Pero en el caso de autos, ni en ningún caso de alimentos, tiene el Juez que hacer desfilar pmeba pericial sobre el valor de los autos de padre e hija, a menos que surjan circunstancias en que el padre utilice un auto de lujo muy costoso, y alegue unos exiguos ingresos, en cuyo caso sería pertinente esta prueba.
El que la hija tenga y mantenga un auto más nuevo y mejor que el de su padre, no es relevante en este caso.
4. Erró el Tribunal al no tomar en consideración que faltando apenas cuatro meses para graduarse, la Interventora Vilmary Beatriz Salicrup López abandonó sus estudios
Este error no se cometió.
Al examinar la exposición narrativa de la prueba que desfiló ante el tribunal apelado, no encontramos una scintilla de prueba de que Vilmary abandonara sus estudios en algún momento. La argumentación del abogado no constituye prueba.
La transcripción de créditos de Vilmary, ofrecida como prueba, págs. 25 a 27 del apéndice del recurso, demuestra que ésta estudió todos los semestres desde el año 1993 hasta fines de 1998, y además aparece matriculada en el segundo semestre del curso 1998-1999, cuando se celebró la vista.
5. Erró el Tribunal al no tomar en consideración los años que lleva la interventora, Vilmary Beatriz Salicrup López, estudiando y los años que la misma estima que le tomará acabar un bachillerato que todos conocemos es de cuatro años, si la persona coge una carga completa de diez y seis, diez y siete o diez y ocho créditos por semestre. Cometió error, también, el Tribunal al no tomar en consideración que la interventora Vilmary Beatriz Salicrup López, no era la estudiante que a simple vista se desprende de su record académico (véase identificación IV).
El error se cometió, y por ello modificamos la pensión. Basta una mirada al caso puntal de Key Nieves v. *900 Oyóla Nieves, supra, a las págs. 266, 267, en que el Tribunal Supremo indica:
Reafirmamos - al menos en cuanto a los estudios de bachillerato - en el día de hoy lo expresado en el citado caso de Guadalupe Viera v. Morell, 115 D.P.R. 4 (1983), a la pág. 14, a los efectos de que, bajo circunstancias normales, cuando un hijo "se ha iniciado en un oficio o carrera durante la minoridad, tiene derecho a exigir que el alimentante le provea los medios para terminarlo, aún después de haber llegado a la mayoridad."
En el caso que ahora resolvemos, resulta razonable la imposición de una pensión al alimentante por el término de cuatro años, que es lo que normalmente toma el completar un bachillerato en la Universidad de Puerto Rico. Si Vilmary comenzó a estudiar en la Universidad en el año 1993, debió haber terminado su bachillerato para mayo de 1997, en circunstancias normales. Vilmary testificó sobre unas circunstancias extraordinarias que le obligaban, según ella, a darse de baja en unos cursos, reduciendo la carga de créditos continuamente.
En este caso de Key Nieves v. Oyóla Nieves, supra, el Tribunal Supremo hace dos señalamientos adicionales; el de las disciplinas que requieren estudios que exceden de cuatro años, y el de los estudios post graduados. Sobre lo primero, indicó el Alto Tribunal:
“La situación particular que representan los estudios post graduados, como maestrías o doctorados, y el estudio de aquellas profesiones que requieren en exceso de los cuatro años de bachillerato amerita una consideración especial y separada que, como regla general, tendrá que ser resuelta de acuerdo a los hechos particulares de cada caso.

Quiere ello decir que no se requieren consideraciones especiales para un bachillerato de cuatro anos, pero si se requiere especial consideración cuando los estudios exceden de los cuatro años, como en el caso de estudiantes de Ciencias Farmacéuticas. Entendemos por ello que el tribunal que adjudica, debe ser más riguroso cuando un estudiante alimentante se excede de cuatro años para obtener un bachillerato. ”

Y sobre lo segundo, profesiones que requieren estudios post graduados, luego de los cuatro años del bachillerato, el Alto Tribunal indicó:

“En segundo lugar, el hijo que solicite "alimentos" o asistencia económica para estudios "postgraduados" deberá demostrar afirmativamente que es acreedor de tal asistencia económica mediante la actitud demostrada por los esfuerzos realizados, la aptitud manifestada para los estudios que desea proseguir a base de los resultados académicos obtenidos, y la razonabilidad del objetivo deseado. Véase Childers v. Childers, 575 P.2d 201 (1978). Unicamente, luego de que todas las anteriores circunstancias o criterios hayan sido acreditados a satisfacción del tribunal, es que dicho foro podrá fijar aquella suma de dinero que por concepto de "alimentos" entienda procedente y razonable, y si necesario, utilizar su poder coercitivo para obligar al alimentante a cumplir con los mismos. ”

Considerando las anteriores expresiones, y a base de la prueba que desfiló en la vista, forzoso resulta concluir que el tribunal apelado abusó de su discreción al fijar la pensión en los $300.00 dólares que se aportaba a Vilmary cuando era menor de edad, y omitió señalar un plazo para dicha pensión. Nos explicamos.
Dispone el Artículo 146 del Código Civil, 31 L.P.R.A. see. 565, sobre la cuantía de los alimentos que:

“La cuantía de los alimentos será proporcionada a los recursos del que los day a las necesidades del que lo recibe, y se reducirán y aumentarán en proporción a los recursos del primero y a las necesidades del segundo. ”

En primer lugar, surge de la prueba desfilada que Vilmary testificó a los efectos de que; "[ejlla quisiera que el padre le diera $150.00 o $175.00, si él puede."
Al así declarar, el tribunal apelado tenía ante sí uno de los dos elementos variables del citado Artículo 146; o *901 sea, que las necesidades del alimentante se satisfacían en aquel momento con $150.00 o $175.00, por admisión propia.
Surge de la prueba que Vilmary comenzó a estudiar en la Universidad en agosto de 1993, cuando tenía 17 años de edad. Al celebrarse la vista del caso ante el tribunal apelado, en 9 de marzo de 1999, la situación de Vilmary era la siguiente:

“(1) Tenía 23 años de edad, cumplidos en 16 de diciembre de 1998; (2) hacía 5 años y siete meses de su comienzo en la Universidad; (3) estaba estudiando en el Departamento de Educación, con especialidad en Biología y había cambiado, según ella, de Biología a Química porque le gustaba más lo segundo; le faltaba entonces, según ella, 12 créditos adicionales, y la práctica. ” 

Veamos la transcripción de créditos obtenida por Vilmary, en 9 de febrero de 1999, un mes antes de la vista del caso, y presentada como pmeba.
- En su primer año de estudios, 1993-1994, aprobó seis créditos en Fundamentos de Biología, con nota de "A", aprobó 24 créditos en total, con promedio general de 3.875.
- En su segundo año de estudios, 1994-1995, no tomó ninguna asignatura en Biología o Química, aprobó 26 créditos en total, con promedio general de 3.9.
- En su tercer año de estudios, 1995-1996, se matriculó en Biología General, y dejó la clase con "W", no aprobando nada en Biología ni en Química; aprobó 23 créditos en total, con promedio general de 3.86.
- En su cuarto año de estudios, 1996-1997, aprueba Biología General I, con "B", y Biología General n, con "Z)" (la que luego repite), se dio de baja en tres clases con "W" (Withdrawal), Química General I, Física de Colegio I, y Técnica Integrada para Escuela Secundaria. Aprobó 17 créditos, con promedio general de 3.716.
- En su quinto año de estudios, 1997-1998, aprobó la Química General I, de la cual se había dado de baja antes, se da de baja de la Química General n, y de Genética, y repitió con nota de "B", la Biología General n, aprobó 22 créditos en total, con promedio general de 3.600.
- En su sexto año de estudios, 1998-1999, aprobó en el primer semestre seis créditos en Física, nada en Química o Biología, y aprobó 14 créditos en total, con promedio general de 3.621.
En cinco anos y medio de estudios en la Universidad, Vilmary aprobó seis (6) créditos en Biología General, tres (3) en Biología General II, y 4 créditos en Química General. Eso fue toda la preparación recibida en la materia original, Biología, y la nueva materia Química. Notamos que el último semestre aprobó seis (6) créditos en Física.
Definitivamente, el tribunal apelado cometió error al aquilatar la prueba ofrecida. La costumbre de darse de baja de algunas clases en la materia seleccionada para luego abandonarlas o repetirlas, no es el aprovechamiento que se espera de un estudiante, Key Nieves v. Oyóla Nieves, supra, para merecer una pensión como tal, cuando excede de cuatro años en un bachillerato regular, o cuando se trata de una carrera cuya preparación excede de cuatro años.
Esta es una razón adicional para que el tribunal apelado atemperara la pensión a lo que la estudiante expresó que necesitaba para sus estudios, $150.00 a $175.00, y no imponiéndole al padre una pensión de $300.00 mensuales.
6. El Tribunal cometió error de derecho, al entender que la interventora, Vilmary Beatriz Salicrup López, tenía derecho a una pensión alimentaria cuando las circunstancias de las relaciones entre ella y su padre eran anormales y ella ni tan siquiera le hablaba a su padre.
*902 Este error no se cometió. Surge de la prueba en el caso que la hija tiene un gran resentimiento con su padre, con o sin razón, y no tenemos que entrar en las interioridades de esa relación patemo-filial.
Pero el Artículo 142 del Código Civil, supra, no condiciona la obligación de alimentar, de los padres a los hijos, porque el hijo no le profese gran afecto, y además, una relación tirante entre ambos, no exime al padre de su obligación de alimentar al hijo.
La situación opera en ambas direcciones. El Artículo 143 del Código Civil, 31 L.P.R.A. see. 562, dispone quiénes están obligados a dar alimentos, y nos indica que se deben alimentos a los ascendientes; o sea, a los padres y abuelos.
SENTENCIA
A base de los fundamentos expuestos anteriormente, se dicta sentencia para modificar el dictamen del Tribunal de Primera Instancia, Sala de Carolina, en 9 de abril de 1999, en el caso FDI 95-0147, en los siguientes términos.
Primero, el padre Pedro A. Salicrup pagará a su hija Vilmary, una pensión de $175.00 mensuales, a partir de 20 de mayo de 1998, fecha en que la pensión fue reclamada, y hasta el mes de junio de 1999, fecha en que según el testimonio de la hija, completaría los 12 créditos académicos que le faltaban para terminar su bachillerato.
Segundo, la suma de esta pensión será pagada por Salicmp a su hija Vilmary, independientemente de que en la fecha de esta sentencia, 29 de noviembre de 2000, la hija haya culminado sus estudios de bachillerato.
Tercero, se confirma la imposición en honorarios de abogado en la suma de $300.00 para la Clínica de Asistencia Legal de la Universidad de Puerto Rico. Vega v. Luna Torres, 126 D.P.R. 370, (1990).
Notifíquese inmediatamente.
Lo acordó y ordena el Tribunal y lo certifica la Subsecretaría General.
Gladys E. Ortega Ramírez
Subsecretaría General
ESCOLIOS 2001DTA 61
1. La pensión existente al acudir con la referida moción, es de trescientos dólares ($300.00), no doscientos ($200.00).
2. Tomamos cunocimiento judicial de que para un Bachillerato en Ciencias, con concentración en Química o Biología, se requieren 30 créditos en la concentración (major), y 18 créditos en la sub-concentración (minor), pero la concentración de Vilmary es en Educación, no en Biología o Química, por lo que se requiere un número menor de créditos.