Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| CARMEN IRIS CRUZ FIGUEROA<br><br>Demandante<br><br>v.<br><br>JUAN MARCOS JOAQUÍN<br><br>Demandado-Recurrido<br><br>DIEGO RONALDO JOAQUIN CRUZ<br><br>Interventor-Peticionario | KLCE202400197 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Caso Núm. K CU2018-0553 (0708)<br><br>Sobre: CUSTODIA |

Panel integrado por su presidente, el Juez Figueroa Cabán, la Jueza Grana Martínez y el Juez Rodríguez Flores.

Rodríguez Flores, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 29 de febrero de 2024.

El 16 de febrero de 2024, el joven Diego Ronaldo Joaquín Cruz instó por derecho propio el presente recurso de *Certiorari* y una *Moción en Auxilio de Jurisdicción.* Solicita que revoquemos la orden emitida el 4 de enero de 2024, y notificada el 11 de enero de 2024, por el Tribunal de Primera Instancia, Sala Superior de San Juan. Mediante el referido dictamen, el foro primario requirió al joven Diego Ronaldo Joaquín Cruz presentar un pleito independiente sobre alimentos entre parientes, debido a que, mediante otra orden de igual fecha, relevó a su padre, Sr. Juan Marcos Joaquín Hidalgo, de la pensión alimentaria que pagaba a favor del joven, por éste haber cumplido la mayoría de edad.[1]

---

[1] La moción de reconsideración incoada por el joven Diego Ronaldo Joaquín Cruz fue denegada mediante orden emitida el 11 de enero de 2024, y notificada el 19 de enero de 2024.

En auxilio de nuestra jurisdicción, el joven Diego Ronaldo Joaquín Cruz requirió que ordenáramos la restitución del pago de la pensión alimentaria a su favor hasta tanto resolviéramos el recurso ante nos. Mediante *Resolución* emitida el 16 de febrero de 2024, concedimos término al Sr. Juan Marcos Joaquín Hidalgo para que se expresara en cuanto a la moción en auxilio de jurisdicción. Éste compareció el 26 de febrero de 2024, mediante *Urgente Escrito en Torno a Moción Solicitando Auxilio de Jurisdicción* y el 27 de febrero de 2024, presentó una *Moción de Desestimación.*

Con la comparecencia de las partes, damos por perfeccionado el recurso para su adjudicación.

Examinado el recurso y escritos, expedimos el auto de *certiorari* y revocamos la orden recurrida. Se deja sin efecto la orden del 4 de enero de 2024, que relevó al Sr. Juan Marcos Joaquín Hidalgo del pago de la obligación alimentaria correspondiente a su hijo Diego Ronaldo Joaquín Cruz, así como la otra orden de igual fecha que requirió al joven presentar un pleito independiente sobre alimentos entre parientes.

Al tenor, declaramos con lugar la *Moción en Auxilio de Jurisdicción.* Se restituye en un cincuenta por ciento la pensión alimentaria provisional fijada al Sr. Juan Marcos Joaquín Hidalgo en beneficio del joven Diego Ronaldo Joaquín Cruz para que, luego del correspondiente trámite, se establezca la pensión alimentaria que proceda, atendiendo la obligación dual alimentaria de ambos progenitores.

**I.**

El **21 de diciembre de 2023**, el Sr. Juan Marcos Joaquín Hidalgo presentó una solicitud de relevo de la obligación de pago de la pensión alimentaria correspondiente a su hijo Diego Ronaldo

Joaquín Cruz. Alegó que el joven advino a la mayoría de edad el 20 de diciembre de 2023.

El **29 de diciembre de 2023**, el joven Diego Ronaldo Joaquín Cruz presentó *Oppisition to: Moción en solicitud de relevo de pensión alimentaria*. Adujo que aún necesita alimentos por su condición de estudiante universitario a nivel subgraduado, con necesidades especiales, que cursa estudios en línea y se encuentra bajo tratamiento médico. Afirmó que reside con su madre, quien está desempleada y no tiene la capacidad económica para asistirlo.

El **4 de enero de 2024**, el TPI relevó al Sr. Juan Marcos Joaquín Hidalgo del pago de la obligación alimentaria correspondiente a Diego Ronaldo Joaquín Cruz. En igual fecha, y en relación con la oposición del joven, el TPI dispuso que "[d]ebe presentar un caso independiente de este sobre alimentos entre parientes".[2] Así las cosas, el **8 de enero de 2024** el joven Diego Ronaldo Joaquín Cruz presentó por derecho propio una solicitud de alimento.[3] Dicha solicitud fue aceptada y unida al caso original *Carmen Cruz Figueroa vs Juan Marcos Joaquín* Hidalgo KCU2018-0553.

El **12 de enero de 2024**, el joven Diego Ronaldo Joaquín Cruz presentó *Urgent Request for Reconsideration of Order*. Arguyó que se le violentó su derecho a un debido proceso de ley al relevar a su padre de la obligación de pagar la pensión alimentaria sin concederle la oportunidad de ser oído y presentar prueba a su favor.

Mediante orden notificada el 19 de enero de 2024, el TPI denegó la solicitud de reconsideración.

Inconforme, el 16 de febrero de 2024, el joven Diego Ronaldo Joaquín Cruz instó el presente recurso de *certiorari* y apuntó los siguientes señalamientos de error:

---

[2] Apéndice del recurso, pág. 1.
[3] Se utilizó el formulario OAT 1425.

Primer error: Erró el Tribunal de Primera Instancia al relevar a JMJH del pago de pensión alimentaria a favor del compareciente sin permitirme expresarme al respecto, ni de solicitar alimentos entre parientes conforme al derecho que posee el compareciente según el ordenamiento jurídico vigente.

Segundo error: Erró el Tribunal de Primera Instancia al resolver que el compareciente debía presentar solicitud de alimentos entre parientes en un pleito por separado en contra de lo resuelto por el Tribunal Supremo de Puerto Rico como parte del ordenamiento jurídico vigente.

A su vez, en la *Moción en Auxilio de Jurisdicción,* el joven Diego Ronaldo Joaquín Cruz requirió que ordenáramos la restitución del pago de la pensión alimentaria a su favor hasta tanto resolviéramos el recurso ante nos.

**II.**

**A.**

El auto de *certiorari* es el vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones interlocutorias realizadas por un foro inferior. La expedición del auto descansa en la sana discreción del tribunal.[4]

Al ser un recurso extraordinario de carácter discrecional, este solo se expedirá en aquellas instancias específicas que delimita la Regla 52.1 de Procedimiento Civil[5]. La citada Regla establece que el recurso sólo se expedirá cuando se recurra de una orden o resolución bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57, o de la denegatoria de una moción de carácter dispositivo. Por excepción, y en el ejercicio discrecional del foro apelativo, se podrá expedir el recurso cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, casos de relaciones de familia, casos revestidos de

---

[4] *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce De León v. AIG,* 205 DPR 163, 174 (2020).
[5] 32 LPRA Ap. V, R. 52.1.

interés público o cualquier otra situación, en la que esperar por una apelación constituiría un fracaso irremediable de la justicia.[6] Según lo dispuesto en la Regla 52.1, *supra*, al denegar la expedición de un recurso de *certiorari*, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Si se determina que el recurso cumple con alguna de las disposiciones de la Regla 52.1, debemos atender la solicitud a la luz de los criterios establecidos en la Regla 40 de nuestro Reglamento[7]. Por tanto, al momento de valorar la actuación del foro inferior, examinaremos lo siguiente:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Ello impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro.[8] Por tanto, de no estar presente ninguno de los criterios esbozados, procede abstenernos de expedir el auto solicitado.

---

[6] *Íd.*
[7] 4 LPRA Ap. XXII-B, R. 40.
[8] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008).

Así pues, este Tribunal no habrá de intervenir con el ejercicio de la discreción del Tribunal de Primera Instancia, salvo en "un craso abuso de discreción o que el tribunal [haya actuado] con prejuicio y parcialidad, o que se [haya equivocado] en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial".[9]

**B.**

En nuestra jurisdicción, los menores tienen un derecho fundamental a recibir alimentos que emana de la cláusula constitucional del derecho a la vida consagrado en la Carta de Derechos de la Constitución de Puerto Rico.[10] Es por ello, que estos casos están revestidos del más alto interés público, cuyo interés principal es el bienestar del menor.[11]

El Artículo 653 del Código Civil de Puerto Rico[12] establece que "[s]e entiende por alimentos todo lo que es indispensable para el sustento, la vivienda, la vestimenta, la recreación y la asistencia médica de una persona, según la posición social de su familia". Cuando el alimentista es menor de edad, también "comprenden también su educación, las atenciones de previsión acomodadas a los usos y a las circunstancias de su entorno familiar y social y los gastos extraordinarios para la atención de sus condiciones personales especiales".

Si el alimentista alcanza la mayoría de edad mientras cursa ininterrumpidamente estudios profesionales o vocacionales, el Artículo 655 del Código Civil de Puerto Rico[13] dispone que "la obligación de alimentarlo se extiende hasta que obtenga el grado o

---

[9] *Lluch v. España Service Sta.,* 117 DPR 729, 745 (1986). Véase, además, *Cruz Flores et al. v. Hosp. Ryder et al.,* 210 DPR 465, 497 (2022); *Rivera y otros v. Bco. Popular,* 152 DPR 140, 155 (2000).
[10] *Díaz Rodríguez v. García Neris*, 208 DPR 706, 717 (2022).
[11] *Íd.; Santiago, Maisonet v. Maisonet Correa*, 187 DPR 550, 559 (2012).
[12] Ley Núm. 55-2020. 31 LPRA sec. 7531.
[13] Ley Núm. 55-2020. 31 LPRA sec. 7533.

título académico o técnico correspondiente o hasta que alcance los veinticinco (25) años de edad, lo que ocurra primero, a discreción del juzgador y dependiendo las circunstancias particulares de cada caso".

En *Toro Sotomayor v. Colón Cruz*[14], el Tribunal Supremo expresó que mientras los hijos son menores de edad y no se han emancipado, por razón de matrimonio o por dictamen judicial, el progenitor custodio con patria potestad está capacitado para reclamar alimentos en beneficio de estos. Puntualizó que, una vez cesa esa incapacidad por minoridad, los padres ya no pueden acudir a los tribunales a representar los intereses de sus hijos. En tal caso, el hijo ya mayor de edad se encuentra revestido de la capacidad jurídica necesaria para hacerlo.[15] Ahora bien, consignó el mencionado foro que:

> [E]l hecho de que los hijos puedan comparecer a solicitar alimentos aun luego de alcanzar la mayoría obedece a que la obligación de alimentarlos no cesa automáticamente porque estos hayan cumplido 21 años. (...). En otras palabras, la emancipación por mayoría de edad no apareja *ipso facto* la pérdida del derecho a reclamar alimentos de los padres, pues siempre subsistirá la obligación que emana del Art. 143 del Código Civil, *supra*, que atiende las necesidades alimentarias entre parientes. No obstante, ese tipo de obligación requiere que el hijo ya mayor de edad tenga la necesidad de esa pensión alimentaria, lo que se analiza según criterios distintos a los que se toman en cuenta cuando se adjudican los alimentos de un menor. (...). Por lo tanto, el hijo mayor de edad está obligado a probar las circunstancias que le hacen acreedor de los alimentos. (Citas omitidas).[16]

En ese contexto, ya en *Guadalupe Viera v. Morell*[17], el Tribunal Supremo había expresado que la enumeración que provee el Código Civil en cuanto a la definición de "alimentos" no debía entenderse tan irrestricta, de modo que no le permitiera al hijo que había iniciado un oficio o carrera durante su minoridad el derecho a exigir

---

[14] 176 DPR 528 (2009).
[15] *Íd.,* pág. 535.
[16] *Íd.*
[17] 115 DPR 4 (1983).

alimentos a sus padres para poder completarlos, aún después haber llegado a la mayoridad.[18]

Luego, en *Key Nieves v. Oyola Nieves[19]*, el Tribunal Supremo reiteró que el deber legal de todo progenitor de proporcionar alimentos a sus hijos para su educación no podía cesar meramente por el hecho de que ese alimentista hubiese alcanzado la mayoría de edad.[20] Esbozó que, bajo circunstancias "normales", es decir, sujeto a los resultados, diligencia y continuidad observada en los estudios, un hijo que comenzó durante su minoridad sus estudios de bachillerato tiene derecho a exigir alimentos de sus padres para obtener ese grado académico. En cuanto a la adjudicación de alimentos para completar estudios de posgrado, resolvió que éstos se adjudicarían de acuerdo con las circunstancias de cada caso.[21] Por economía procesal, pronunció que este tipo de alimentos podía reclamarse dentro del pleito original de divorcio entre los padres.[22]

En cuanto al proceso aplicable en estos casos, el Tribunal Supremo explicó en *Santiago, Maisonet v. Maisonet Correa*, supra, que:

> Debido a lo anterior, resolvemos que es deber del alimentante, si es que así lo desea, poner en conocimiento al tribunal de que sus hijos alimentistas están próximos a llegar a la mayoridad y su interés de que se le releve del pago de la pensión alimentaria. Es decir, la pensión otorgada a un menor de edad continuará en vigor — aunque advenga a la mayoría de edad — hasta que no se realice el trámite procesal descrito anteriormente. Esa moción se le deberá notificar al alimentista, de modo que este pueda comparecer dentro de ese mismo pleito — a nombre propio — y establecer que sus necesidades permanecen vigentes y que reúne los requisitos que le hacen acreedor de la pensión a pesar de que ya es mayor de edad. Entonces, solo restará que el tribunal, tomando en consideración las circunstancias particulares de cada caso, evalúe si procede relevar al padre alimentante de la obligación que se le había impuesto hasta ese momento. Es decir, una vez se ha puesto en conocimiento al tribunal de que un alimentista está

---

[18] *Íd.*, pág. 14.
[19] 116 DPR 261 (1985).
[20] *Íd.,* pág. 266.
[21] *Íd.,* pág. 267.
[22] *Íd.*, pág. 268.

próximo a llegar a la mayoridad, y este último, a su vez, ha informado que por su condición de estudiante aún necesita alimentos, el foro primario deberá calendarizar una vista evidenciaria para pasar juicio sobre los requerimientos de las partes. Por estas razones, será imperativo que el tribunal atienda con premura estos planteamientos para evitar un daño irreparable a cualquiera de las partes.[23]

Respecto a la tramitación de este tipo de casos, la Orden Administrativa Núm. 2017-493, *Manejo de Casos de Divorcio*, Tribunal de Primera Instancia, Región Judicial de San Juan; Orden Administrativa Núm. 2015-429, *Manejo de Casos sobre Reclamaciones de Alimentos*, Tribunal de Primera Instancia, Región Judicial de San Juan, inciso 1.3, expresa que "[d]e advenir el alimentista a la mayoría de edad y subsistir su derecho a alimentos por razón de estudios, el alimentista deberá sustituir a la persona custodia como demandante para continuar su reclamo de alimentos dentro del mismo caso". (Subrayado nuestro).

Lo anterior siempre teniendo presente que la obligación de alimentar es personal de cada uno de los progenitores por lo que debe ser satisfecha del propio peculio y de forma proporcional a sus recursos y a la necesidad del menor.[24] El esquema conlleva hacer un balance entre los intereses del menor y la capacidad económica de los responsables de costear sus necesidades.[25] La determinación de la cuantía de los alimentos corresponde al prudente arbitrio del juzgador, quien debe velar que ésta cumpla con el principio de proporcionalidad.[26]

### III.

La citada Regla 52.1 de Procedimiento Civil faculta a este tribunal para revisar, por excepción, órdenes o resoluciones interlocutorias dictadas por el TPI cuando se recurre de decisiones

---

[23] *Íd.,* pág. 576.
[24] *Díaz Rodríguez v. García Neris, supra; Pesquera Fuentes v. Colón Molina*, 202 DPR 93, 108 (2019).
[25] *Pesquera Fuentes v. Colón Molina, supra.*
[26] *Santiago, Maisonet v. Maisonet Correa, supra,* pág. 561.

en casos de relaciones de familia. Tras un detenido examen del expediente, concluimos que el joven Diego Ronaldo Joaquín Cruz presenta un planteamiento meritorio y propicio para dilucidarse en esta etapa procesal. Por tanto, ejercemos nuestra discreción y, en ánimo de evitar un fracaso de la justicia, expedimos el auto de *certiorari.*

En el presente caso, el TPI relevó al Sr. Juan Marcos Joaquín Hidalgo del pago de la obligación alimentaria correspondiente a su hijo, Diego Ronaldo Joaquín Cruz, por éste haber alcanzado la mayoría de edad. Por el mismo fundamento de mayoridad, el TPI determinó, además, que el joven debía presentar un pleito independiente para solicitar alimentos entre parientes. Incidió.

Conforme a la normativa jurídica esbozada, regida por el principio de economía procesal, el reclamo de alimentos del joven Diego Ronaldo Joaquín Cruz debe atenderse dentro del presente pleito original que le fijó al recurrido el pago de la pensión alimentaria. Consta en el apéndice del recurso la *Solicitud de Alimentos por Hijo(a) mayor de edad* que el joven presentó el 8 de enero de 2024, dentro de este pleito. Así también, del sistema de *Consulta de Casos* del Poder Judicial surge un señalamiento de vista para el 14 de marzo de 2024, ante el oficial examinador de pensiones alimentarias. En dicha vista el tribunal deberá evaluar si el joven Diego Ronaldo Joaquín Cruz tiene derecho a continuar recibiendo la pensión alimentaria que reclama.

Entretanto, se restituye en un cincuenta por ciento[27] la pensión alimentaria provisional[28] fijada al Sr. Juan Marcos Joaquín

---

[27] La obligación de alimentos a favor de **Gustavo Armando Joaquín Cruz** cesó el 8 de noviembre de 2020, mediante Sentencia Parcial emitida por la Hon. Aicza Piñeiro Morales. Se toma conocimiento judicial que la solicitud de alimentos de Gustavo Armando fue presentada y atendida en el mismo caso original KCU2018-0553.

[28] Resolución del 3 de abril de 2019, estableció la pensión alimentaria provisional a favor de Gustavo Armando y Diego Ronaldo. Véase Índice del Apéndice del recurso, págs. 20-21.

Hidalgo en beneficio del joven Diego Ronaldo Joaquín Cruz para que, luego del correspondiente trámite, se establezca la pensión alimentaria que proceda, atendiendo la obligación dual alimentaria de ambos progenitores.

**IV.**

Por los fundamentos que anteceden, expedimos el auto de *certiorari* y revocamos la orden recurrida. Se deja sin efecto la orden del **4 de enero de 2024**, que relevó al Sr. Juan Marcos Joaquín Hidalgo del pago de la obligación alimentaria correspondiente a su hijo Diego Ronaldo Joaquín Cruz, así como la otra orden de igual fecha que requirió al joven presentar un pleito independiente sobre alimentos entre parientes.

Al tenor, declaramos con lugar la *Moción en Auxilio de Jurisdicción.*[29]

Por tanto, se restituye en un cincuenta por ciento la pensión alimentaria provisional establecida en la *Resolución* del 3 de abril de 2019 y fijada al Sr. Juan Marcos Joaquín Hidalgo[30].  La antes mencionada pensión alimentaria provisional, será en beneficio únicamente del joven Diego Ronaldo Joaquín Cruz para que, luego del correspondiente trámite, se establezca la pensión alimentaria final que proceda y la obligación dual alimentaria de ambos progenitores[31].

Se devuelve el caso al Tribunal de Primera Instancia para la continuación de los procedimientos de manera consistente con lo aquí expuesto.

Por último, en atención a la *Urgente Moción en Oposición a Escrito en torno a Moción Solicitando Auxilio de Jurisdicción* del

---

[29] Esto dispone, a su vez, de la *Urgente Moción en Oposición a Escrito en torno a Moción Solicitando Auxilio de Jurisdicción del Demandado-Recurrido,* presentada por Diego Ronaldo Joaquín Cruz el 28 de febrero de 2024.

[30] Índice del Apéndice del recurso, págs. 20-21.

[31] Se toma conocimiento de la orden emitida el 12 de diciembre de 2023, donde señaló una vista final de pensión alimentaria para el **14 de marzo de 2024** a las 9:30 AM. Índice del Apéndice del recurso, pág. 29.

recurrido se declara no ha lugar a la *Moción de Desestimación* presentada por el señor Joaquín Hidalgo el pasado 27 de febrero de 2024.

Notifíquese inmediatamente.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones