FRANK GOTAY LANUZA, demandante y recurrente, *v.* SE-
CRETARIO DE HACIENDA DE PUERTO RICO, demandado
y recurrido.

*Número:* RE-86-411 *Resuelto:* 5 de diciembre de 1988

*Frank Gotay Barquet,* abogado del recurrente; *Norma Cotti
Cruz, Subprocuradora General,* y *Carmen A. Bravo de Rief-
kohl, Procuradora General Auxiliar,* abogadas del recurrido.

EL JUEZ ASOCIADO SEÑOR ORTIZ emitió la opinión del Tribunal.

La controversia en este recurso es si el contribuyente
Frank Gotay Lanuza tenía derecho a reclamar en la planilla
del año contributivo 1979 un crédito por ser su hija Jeanette
su dependiente, a tenor con la Sec. 25 de la Ley de Contribu-
ciones sobre Ingresos de 1954 (13 L.P.R.A. sec. 3025), vi-

gente a esa fecha. Para resolver debemos fijar el alcance del estatuto que, en lo aquí pertinente, definía el término "dependiente" de la siguiente forma:

> (B) Significa también cualquier persona que para el año natural en que comience el año contributivo del contribuyente hubiere recibido del contribuyente más de la mitad de su sustento y,
>
> (i) curse durante dicho año natural por lo menos un semestre escolar de estudios de nivel universitario, como estudiante regular, en una institución universitaria reconocida como tal por las autoridades educativas de Puerto Rico, hasta que obtenga su grado universitario, siempre que su edad no exceda de 25 años . . . .

> . . . . . . . .

> El contribuyente que reclame en su planilla cualesquiera de los dependientes comprendidos en las cláusulas (i), (ii), (iii) o (iv) anteriores deberá enviar conjuntamente con su planilla una certificación que acredite, a satisfacción del Secretario:
>
> (A) que para el año natural en que comenzó el año contributivo del contribuyente en que se reclame como tal, aquel curso [sic], como estudiante regular, por lo menos un semestre escolar en una institución universitaria reconocida como tal. Dicha certificación deberá ser expedida por la institución de que se trate . . . . 13 L.P.R.A. sec. 3025(d)(1)(B).

Por no haber controversia sobre los hechos, el tribunal de instancia declaró con lugar la moción de sentencia sumaria del demandado recurrido, Secretario de Hacienda.[1] Revisamos mediante orden para mostrar causa. Estando en posición de resolver, procede revocar la sentencia y declarar con lugar la demanda.

---

[1] El tribunal utilizó un mecanismo irregular e impermisible. En lugar de dictar sentencia según el procedimiento de la Regla 36.3 de Procedimiento Civil, 32 L.P.R.A. Ap. III, dispuso del asunto mediante órdenes de despacho sin exponer fundamento alguno en apoyo de su decisión.

# I

Los hechos incontrovertidos son los siguientes:[2]

1- El demandante Frank Gotay Lanuza rindió su planilla de contribución sobre ingresos en o antes del 15 de abril de 1980.

2- La hija del demandante, Jeannette Gotay Barquet, recibió todo su sustento de su padre durante el año natural de 1979.

3- Durante el 1979 Jeannette cursó el semestre de enero a mayo como estudiante regular en la Universidad Católica de Puerto Rico, institución de nivel universitario acreditada en Puerto Rico.

4- Jeannette cumplió 25 años de edad el 1ro de junio de 1979.

5- El día 24 de enero de 1985 el Departamento de Hacienda envió al demandante una notificación final de deficiencia por contribuciones adeudadas correspondientes a su planilla de 1979.

6- El Departamento de Hacienda rechazó el crédito por dependiente universitario reclamado por el demandante con relación a su hija Jeannette ya que ésta era mayor de veinticinco años al finalizar el año 1979 y no cualificaba para dicho crédito. Apéndice, pág. 31.

Las posiciones de las partes son claras. El contribuyente toma como fundamento para la reclamación la edad de su hija al comienzo del año contributivo. El Secretario de Hacienda toma como fundamento la edad al cierre del año contributivo y sostiene que si el estudiante no ha cumplido aún los veinticinco (25) años a diciembre 31, el contribuyente puede tomar el crédito que autoriza la ley, pero si cumplió los veinticinco (25) años durante el año contributivo, el contribuyente no puede reclamar el crédito por dependiente universitario aunque éste último reúna, como en este caso, los demás requisitos estatutarios.

---

[2] Según incorporados en las mociones de sentencia sumaria de ambas partes.

El Secretario de Hacienda descansa primordialmente en el Reglamento de la Ley de Contribuciones sobre Ingresos promulgado en 1954, que expresa en su Art. 25-4 lo siguiente:

Artículo 25-4.—*Crédito por dependientes.* — (a) Un contribuyente que no sea un extranjero no residente (véase la sección 214) recibe un crédito de $400 por cada dependiente (que no sea el esposo o la esposa), cuyo ingreso bruto para el año natural dentro del cual comienza el año contributivo del contribuyente, sea menor de $400 (a menos que el dependiente a su vez esté obligado, según las disposiciones de la sección 51, a rendir una planilla conjunta con su cónyuge para un año contributivo que comience dentro de dicho año natural), que reciba más de la mitad de su sustento del contribuyente para el año natural en el cual comienza el año contributivo del contribuyente, siempre que el dependiente (i) sea menor de 21 años de edad, o (ii) esté incapacitado para sostenerse a sí mismo debido a incapacidad mental, o física (iii) esté cursando estudios universitarios hasta que obtenga su grado universitario, *mientras tenga menos de 25 años de edad,* o (iv) sea el padre o madre del contribuyente. Para los créditos por dependientes al computar la contribución según el Suplemento T, véanse las secciones 400 y 401. (Énfasis suplido.) *Reglamento relativo a la Ley de Contribuciones sobre Ingresos de 1954,* San Juan, Departamento de Hacienda, 1958, pág. 232.

La ley dispone contrario a lo sostenido por el Secretario de Hacienda. En el apartado (B), establece que el *status* de dependiente por estudios universitarios "[s]ignifica también cualquier persona que *para el año natural en que comience el año contributivo"* —(énfasis suplido) 13 L.P.R.A. sec. 3025(d)(1)(B)— cumpla con los requisitos allí fijados.

Lo determinante es que el dependiente reúna todos los requisitos estatutarios al comenzar el año contributivo. Véase que en la propia Sec. 25 de la Ley de Contribuciones sobre Ingresos de 1954, *supra,* para otras situaciones, se da un trato distinto a los fines de determinar el estado personal del contribuyente. A esos efectos, el inciso (c) dispone:

(1) La determinación de si un individuo es casado se hará como de la fecha del cierre de su año contributivo, a menos que su cónyuge muera durante dicho año contributivo, en el cual caso la determinación se hará como de la fecha de la muerte; y

(2) Un individuo separado de su cónyuge no será considerado como casado. 13 L.P.R.A. sec. 3025(c)(1) y (2).

Allí se expone expresamente que el punto fundamental es el cierre del año contributivo. Si la intención hubiera sido la misma para determinar quién es un dependiente, así se debió haber hecho.

## II

El análisis histórico de los estatutos que establecieron el crédito por estudios universitarios de los hijos del contribuyente apoya esta interpretación.

La Sec. 18(*d*) de la Ley Núm. 74 de 6 de agosto de 1925 concedía un crédito de:

. . . $400 por cada persona (que no sea esposo o la esposa) que dependan y reciban el sustento principal del contribuyente si dicha persona dependiente *es menor de 21 años* o está incapacitada para sostenerse por s[í] misma por estar mental o físicamente *defectuosa*. (Énfasis suplido.) 1925 Leyes de Puerto Rico 401, 497.

La Ley Núm. 102 de 14 de mayo de 1936 concedió por primera vez el crédito objeto de este recurso al añadir en el inciso (*d*) de la Sec. 18: "o por estar cursando estudios superiores y hasta que obtenga su título facultativo, siempre que la edad del estudiante no exceda de veinticinco años". 1936 Leyes de Puerto Rico 525, 531.

Mediante la Ley Núm. 31 de 12 de abril de 1941, se reenumeró el inciso (*d*) de la Sec. 18 como (*c*), y se dispuso en el nuevo inciso (*e*)(1) que:

El crédito concedido por la subdivisión (*c*) de esta sección será determinado por el estado civil del contribuyente en el

último día de su año contributivo. 1941 Leyes de Puerto Rico 479, 507.

En 1954 se aprobó la Ley Núm. 91 de 29 de junio de 1954, que derogó las leyes anteriores y promulgó la nueva "Ley de Contribuciones sobre Ingresos de 1954". Bajo el nuevo diseño contributivo, se dio el siguiente trato a los créditos de los individuos. A esos efectos, la Sec. 25 de la Ley de Contribuciones sobre Ingresos de 1954 disponía que:

Sección 25.—CRÉDITOS DE INDIVIDUOS CONTRA EL INGRESO NETO.

Para los fines de computar la contribución normal y adicional se concederán los siguientes créditos contra el ingreso neto:

(*a*) *Exención Personal.*—En el caso de una persona soltera o una persona casada que no viva con su esposo o esposa, una exención personal de $800; o en el caso de un jefe de familia o de una persona casada que viva con su esposo o esposa, una exención personal de $2,000. Un esposo y esposa que vivan juntos recibirán una sola exención personal. El monto de dicha exención personal será de $2,000.

(*b*) *Crédito por Dependientes.*—

(1) *Concesión en general.*—$400 por cada dependiente (según se define en el apartado (*d*) cuyo ingreso bruto para el año natural en que comience el año contributivo del contribuyente sea menor de $400, excepto que el crédito no será concedido con respecto a un dependiente que venga obligado a rendir, bajo las disposiciones de la Sección 51, una planilla conjunta con su cónyuge para un año contributivo que comience en dicho año natural.

(2) *Excepción para determinados jefes de familia.*—Si el contribuyente tuviese la condición de jefe de familia únicamente por razón de tener uno o más dependientes por quienes pueda reclamar crédito bajo el párrafo (1), el crédito con respecto a uno de dichos dependientes no será concedido.

(*c*) *Determinación del Estado Personal.*—Para los fines de esta sección—

(1) La determinación de si un individuo es casado se hará como de la fecha del cierre de su año contributivo, a menos

que su cónyuge muera durante dicho año contributivo, en el cual caso la determinación se hará como de la fecha de la muerte; y

(2) Un individuo separado de su cónyuge no será considerado como casado.

(*d*) *Definiciones.*—Según se emplea en esta Ley—

(1) el término "dependiente" significa cualesquiera de las siguientes personas que para el año natural en que comience el año contributivo del contribuyente hubieren recibido del contribuyente más de la mitad de su sustento: (A) una persona menor de 21 años de edad; (B) una persona incapaz de proveerse su propio sustento debido a estar mental o físicamente incapacitada; (C) una persona que esté cursando estudios universitarios hasta que obtenga su grado universitario, siempre que su edad no exceda de 25 años; (D) el padre o la madre del contribuyente; y

(2) el término "jefe de familia" significa un individuo que realmente sostiene y mantiene bajo un mismo techo uno o más dependientes estrechamente relacionados con él mediante parentesco de consanguinidad, afinidad o por adopción sobre quienes ejerce autoridad familiar, y cuyo deber de proveer para dichos dependientes surge de una obligación legal o moral. Para los fines de este párrafo, el parentesco de afinidad, una vez existente, no se considerará terminado por divorcio o por la muerte de un cónyuge. 1954 Leyes de Puerto Rico 475, 547–549.

■ De manera que en el año contributivo 1979, para los fines de computar la contribución sobre ingresos, se concedían créditos contra el ingreso neto al contribuyente bajo los requisitos siguientes:

1. Cualquier persona que para el año natural en que comience el año contributivo del contribuyente hubiere recibido del contribuyente más de la mitad de su sustento.

2. Curse durante dicho año natural por lo menos un semestre escolar como estudiante regular en una institución universitaria hasta que obtenga un grado universitario.

3. Siempre que su edad no exceda de 25 años.

En el caso ante nos no hay controversia de que el contribuyente cumplía con los primeros dos (2) requisitos. La controversia gira en cuanto al alcance del requisito de edad.

Si analizamos la trayectoria legislativa a los fines de encontrar la verdadera intención del estatuto, tomando en cuenta el propósito de conceder un alivio contributivo a los padres que cumplen con su obligación legal de fomentar la educación universitaria de sus hijos, debemos resolver que la fecha determinante es la edad al momento en que comienza el año contributivo.

 Si la intención y el propósito fueron que se tomara como fecha determinante la del cierre del año contributivo, se debió haber hecho constar clara y expresamente, tal como se hizo mediante la enmienda de 1941. A esos efectos nos ayuda la redacción actual de la Sec. 25 de la Ley de Contribuciones sobre Ingresos de 1954, *supra*, que al ser enmendada, como parte de la reforma contributiva de 1987, por la Ley Núm. 2 de 6 de octubre de 1987, dispone lo siguiente:

(B) Significa también cualquier personal [sic] que para el año natural en que comience el año contributivo del contribuyente hubiere recibido del contribuyente más de la mitad de su sustento y haya cursado durante dicho año natural por lo menos un semestre escolar de estudios de nivel universitario, como estudiante regular, en una institución universitaria reconocida como tal por las autoridades educativas de Puerto Rico, hasta que obtenga su grado universitario, *siempre que al cierre del año natural en que comience el año contributivo del contribuyente no haya cumplido veintiséis (26) años de edad.* El contribuyente que reclame este crédito deberá enviar conjuntamente con su planilla una certificación, expedida por la institución universitaria correspondiente, a esos efectos. (Énfasis suplido.) 1987 Leyes de Puerto Rico 741, 806.

De lo anterior surgen tres (3) consecuencias de la reforma contributiva en lo que aquí nos atañe:

1. Se mantuvo el propósito de reconocer a los estudiantes universitarios como dependientes. Esto, además de promo-

ver una mayor preparación académica y profesional en nuestra ciudadanía, le da virtualidad a la obligación legal de los padres de proveer los medios económicos necesarios para la educación de sus hijos. *Key Nieves v. Oyola Nieves*, 116 D.P.R. 261, 267 (1985). Como dijéramos en esa ocasión:

> No hay duda que la ilusión y meta de todo padre responsable es la de brindarle a todos y cada uno de sus hijos la mejor preparación posible para que éstos puedan enfrentarse a la dura realidad de la vida que les espera y que con ese propósito en mente no escatimarán esfuerzo por que sus hijos así lo logren. *Key Nieves v. Oyola Nieves*, supra, pág. 267.

2. Para poder administrar el sistema en forma fehaciente, se continuó la práctica de fijar una edad límite para poder acogerse al alivio contributivo.

3. La diferencia entre el diseño vigente y el anterior es que ahora se fija expresamente como fecha determinante el cierre del año natural en que comienza el año contributivo. Bajo la ley anterior, el crédito dependía de la edad al comienzo del año contributivo.

■ Al resolver a favor del contribuyente, seguimos el principio fundamental de interpretación estatutaria de que "al lenguaje de la ley debe dársele un significado que valide el propósito que tuvo el legislador al aprobarla". R.E. Bernier y J.A. Cuevas Segarra, *Aprobación e interpretación de las leyes en Puerto Rico*, 2da ed., San Juan, Pubs. J.T.S., 1987, Vol. I, Cap. 31, pág. 245 y ss.

*Se dictará sentencia de conformidad.*

El Juez Asociado Señor Rebollo López no intervino.