EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Cooperativa de Ahorro y Crédito San Blas de Illescas<br><br>Peticionario<br><br>v.<br><br>Hon. Ismael L. Purcell Soler, Registrador de la Propiedad de Guayama<br><br>Recurrido | Certiorari<br><br>2018 TSPR 196<br><br>201 DPR ____ |

Número del Caso: RG-2017-0002

Fecha: 6 de diciembre de 2018

Abogado de la parte peticionaria:

      Lcdo. Lemuel Negrón Colón

Registrador de la Propiedad:

      Hon. Ismael L. Purcell Soler

Materia: Derecho Registral: Exención contributiva registral provista a las cooperativas en la Ley de Cooperativas y la Ley de Aranceles del Registro de la Propiedad. Sólo aplica cuando los documentos presentados para inscripción en el Registro sean a favor de las cooperativas y sus subsidiarios.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Cooperativa de Ahorro y Crédito San Blas de Illescas<br><br>Peticionarios<br><br>v.<br><br>Hon. Ismael L. Purcell Soler, Registrador de la Propiedad de Guayama<br><br>Recurrido | **Núm.** RG-2017-0002 |

Opinión del Tribunal emitida por la Juez Asociada señora Rodríguez Rodríguez

San Juan, Puerto Rico, a 6 de diciembre de 2018.

En esta ocasión, nos corresponde ejercer nuestra jurisdicción gubernativa para determinar si la exención provista en el Art. 6.08 de la Ley de Sociedades Cooperativas de Ahorro y Crédito, Ley Núm. 255 de 28 de octubre de 2002, según enmendada, 7 LPRA sec. 1361 *et seq*. (Ley de Cooperativas) y la Ley de Aranceles del Registro de la Propiedad, Ley Núm. 91 de 30 de mayo de 1970, según enmendada, 30 LPRA sec. 1767a *et seq*., (Ley de aranceles registrales), exime del pago de arancel a un tercero cuando se presenta en el Registro de la Propiedad una escritura de compraventa mediante la cual el tercero adquiere un inmueble de una cooperativa de la cual es socio cooperativista.

**I.**

El 28 de marzo de 2017, la Cooperativa de Ahorro y Crédito San Blas de Illescas (Cooperativa y/o Peticionaria) y la Sra. Wanda Enid González de Jesús, socia cooperativista, suscribieron la escritura de compraventa Núm. 8 de 28 de marzo de 2017 ante el notario Lemuel Negrón Colón en Santa Isabel, Puerto

Rico. En ésta, la Cooperativa vendió un inmueble de su propiedad adquirido mediante el proceso de ejecución de hipoteca, a la señora González de Jesús. El inmueble objeto de la escritura se describe registralmente de la siguiente manera:

> RÚSTICA: Solar número Diez (10): Parcela de terreno radicada en el Barrio Jauca Segunda del término municipal de Santa Isabel, Puerto Rico, compuesta de NOVECIENTOS CINCUENTA Y SIETE PUNTO DOS MIL CUATROCIENTOS OCHENTA Y OCHO METROS CUADRADOS (957.2488 MC), equivalentes a CERO PUNTO DOS MIL CUATROCIENTOS TREINTA Y CINCO CUERDAS (0.2435). En lindes por el NORTE, con solar número nueve (9); por el SUR, con el camino municipal; por el ESTE, con la parcela número setenta y ocho (78); por el OESTE, con faja de terreno para uso público.

La cláusula J de la escritura de compraventa dispuso lo siguiente:

> J. Pago de Sellos de Rentas Internas, de Asistencia Legal y Comprobantes de presentación al Registro de la Propiedad. Según estipula el Artículo 1344 del Código Civil de Puerto Rico, los gastos de otorgamiento de escritura serán de cuenta del vendedor y los de la primera copia y los demás posteriores a la venta será de cuenta del comprador, salvo pacto en contrario. En el presente otorgamiento no se ha hecho pacto en contrario por el cual el Vendedor pagará los honorarios notariales, los sellos de rentas internas y de asistencia legal correspondientes al original de esta escritura de compraventa, al igual que cualquier otro gasto relacionado con la cancelación de cualquier gravamen. El Comprador pagará los honorarios notariales, los sellos de rentas internas, los sellos de asistencia legal y los comprobantes de inscripción y presentación en el Registro de la Propiedad, según requiere la ley, correspondientes a la primera copia certificada de esta escritura de compraventa. La parte vendedora ha reclamado su exención del pago de aranceles en virtud del "artículo 6.08 de la Ley 255 de 28 de octubre de 2002, según enmendada 7 LPRA 1366g" de la Ley de Sociedades Cooperativas.

El 29 de marzo de 2017, la Cooperativa presentó para su inscripción ante el Registro de la Propiedad la escritura de compraventa, a la cual se le asignó el asiento registral 2017-034936-GA01. El 2 de junio de 2017, el Hon. Ismael L. Purcell Soler, Registrador de la Propiedad de Guayama (Registrador), notificó varias faltas que impedían la calificación e inscripción

del documento. Señaló que la escritura de compraventa se presentó sin los aranceles correspondientes para el pago de la inscripción y presentación. En su comunicación hizo referencia a las disposiciones aplicables de la Ley del Registro de la Propiedad Inmobiliaria del Estado Libre Asociado de Puerto Rico, así como también a la Ley de Aranceles del Registro de la Propiedad Inmobiliaria y a la Ley de Cooperativas. Indicó específicamente que la exención "del pago de aranceles de la Ley de las Cooperativas, no es transferible a un tercero." *Carta de Notificación*, Apéndice, en la pág. 9.

Oportunamente, la Cooperativa presentó su escrito de recalificación. En éste arguyó que el Art. 6.08 de la Ley de Cooperativas y las disposiciones de la ley que regulan los aranceles registrales, eximen a toda cooperativa del pago de cualquier contribución impuesta, incluyendo, el "pago de toda clase de derechos prescritos para la inscripción de documentos y demás operaciones en el Registro de la Propiedad de Puerto Rico." 30 LPRA sec. 1770d.[1] La Cooperativa señaló, además, que la

---

[1] La disposición que regula la exención de los aranceles registrales y notariales de las cooperativas, está codificada en 30 LPRA sec. 1770d. La primera oración de la sección corresponde a la Ley Núm. 114 de 12 de julio de 1960 y regula lo concerniente al arancel registral. La segunda oración es una enmienda que se introdujo a la Ley Núm. 114 mediante la Ley Núm. 24 del 13 de junio de 1966, para recoger la exención del arancel notarial. El texto codificado lee:

> Se exime a las sociedades cooperativas organizadas con arreglo a las leyes de Puerto Rico y aquellas sociedades y corporaciones extranjeras que operen como sociedades cooperativas según se definen en el Artículo 2 de la Ley 291 del 9 de abril de 1946, del pago de toda clase de derechos prescritos para la presentación e inscripción de documentos y demás operaciones en el Registro de la Propiedad de Puerto Rico. Se exime a dichas sociedades cooperativas, además, del pago de los derechos prescritos por las secs. 851 a 858 del Título 4, en toda contratación en que disponga de, grave, o enajene sus bienes, así como en toda contratación con

escritura de compraventa se presentó conforme exigen los estatutos arancelarios aplicables y que debía estar exenta del pago de los derechos y aranceles correspondientes. Indicó fundamentalmente, que la exención que gozan las cooperativas relacionadas al "arancel registral" beneficia a un tercero, en este caso a la socia cooperativista. Específicamente, señaló lo siguiente:

> Según el referido artículo 6.08 de la [Ley de Cooperativas], la ley es clara a los fines de que se incluye la exención del pago de derechos, sellos o comprobantes de rentas internas relativos al **otorgamiento de toda clase de documentos públicos** y privados, del pago de cargos, derechos, sellos o comprobantes de rentas internas relativos a la inscripción de los mismos en el Registro de la Propiedad. *Id.*, en la pág. 4. (Énfasis en original.)

Atendido el escrito, el Registrador denegó nuevamente la inscripción solicitada. Fundamentó su posición en que ni de la Ley de Cooperativas ni de la Ley de aranceles registrales se desprendía que la exención provista a las cooperativas se extendiera igual a terceras personas que hicieran negocios con éstas. Por lo que, tratándose de una legislación de naturaleza contributiva, la exención debía aparecer expresamente en el texto de la ley. En ausencia de ello, no podía reconocerse la exención reclamada. Específicamente, al interpretar las leyes que eximen del pago de aranceles, el Registrador concluyó: "[ni del] texto, ni de la exposición surge de 'forma expresa' que la intención de la Asamblea Legislativa haya sido que la exención del pago del arancel registral esté disponible en transacciones donde el derecho que se pretende inscribir es a favor de un tercero." *Denegatoria a Escrito de Recalificación*, en la pág. 3.

---

sus socios que se relacione con los fines para los cuales se hayan organizado tales sociedades cooperativas.

Inconforme con tal proceder, la Cooperativa recurrió ante este Tribunal e interpuso el correspondiente recurso gubernativo. Mediante éste, la Cooperativa discrepó de la nota del Registrador y arguyó, en esencia, que:

> [L]a situación planteada es que el documento notificado es un documento público otorgado por la cooperativa para transferir el inmueble, no le transfiere la exención al tercero. La cooperativa mantiene interés en que el inmueble cese de estar inscrito a su nombre e inevitablemente es el mismo documento en el que se inscribirá a favor del tercero. El documento presentado no es susceptible de considerarse como un documento distinto por el hecho de que a una escritura de compraventa comparezca de una parte la cooperativa vendedora y de la otra parte un socio comprador. Según el referido artículo 6.08 de la Ley de Sociedades Cooperativas, la ley es clara a los fines de que se incluye la exención del pago de derechos, sellos o comprobantes de rentas internas relativos al otorgamiento de toda clase de documentos públicos y privados, del pago de cargos, derechos, sellos o comprobantes de rentas internas relativos a la inscripción de los mismos en el Registro de la Propiedad. *Recurso Gubernativo*, en la págs. 3-4. (Énfasis en original.)

Según planteó la Cooperativa, el documento de compraventa se presentó "de la manera correspondiente bajo el sistema de informática registral en la nueva Ley [Núm.] 210 el cual provee para la presentación de documentos exentos de aranceles". *Recurso Gubernativo*, en la pág. 3.

Trabada así la controversia, procedemos a resolver.

## II.

### A.

La Exposición de Motivos de la Ley de Cooperativas expresa claramente que es la política pública del Estado Libre Asociado "encaminar el desarrollo social y económico de Puerto Rico al amparo de los principios de justicia social, esfuerzo propio ... control democrático, ... igualdad, equidad y solidaridad," valores todos que caracterizan el movimiento cooperativista.

*Exposición de Motivos de la Ley de Sociedades Cooperativas de Ahorro y Crédito de 2002*, Ley Núm. 255 de 28 de octubre de 2002. Por lo que se declara que el movimiento cooperativo es "una pieza integral y un fuerte pilar para el desarrollo económico y social del país." *Id.* Por tanto, el crecimiento y fortalecimiento del cooperativismo en Puerto Rico está revestido de alto interés público.

Así, se explica en la exposición de motivos que el propósito de la ley es facilitar la creación de estructuras cooperativas para potenciar la incursión de las cooperativas en las actividades permitidas a los demás participantes del mercado financiero; procurar la integración económica del sector cooperativista con otros sectores productivos; y adelantar, promover y facilitar la integración del sector de ahorro y crédito cooperativo, especialmente a través de estructuras de integración operacional. *Id.*

Para alcanzar este objetivo, el legislador detalló en la Ley varias exenciones contributivas. En lo pertinente a la controversia ante nuestra consideración, el Art. 6.08(c) dispone que:

> (c) **Las cooperativas y sus subsidiarias o afiliadas estarán exentas del pago de derechos, arbitrios o aranceles estatales o municipales,** incluyendo el pago de cargos por licencias, patentes, permisos y registros, del pago de cargos, derechos, sellos o comprobantes de rentas internas relativos al otorgamiento **de toda clase de documentos públicos y privados, del pago de cargos, derechos, sellos o comprobantes de rentas internas relativos a la inscripción de los mismos en el Registro de la Propiedad** o cualquier otro registro público u oficina gubernamental y del pago de cargos, derechos, sellos o comprobantes de rentas internas relativos a la expedición de certificaciones por dichos registros o por cualquier otra oficina gubernamental. Las cooperativas y sus subsidiarias o afiliadas estarán exentas, además, del pago de cargos, derechos, sellos o comprobantes de rentas internas, arbitrios o

aranceles requeridos en el Tribunal General de Justicia de Puerto Rico o por cualquier agencia, instrumentalidad, corporación pública del Estado Libre Asociado de Puerto Rico o cualquier subdivisión política de éste. 7 LPRA sec. 1366g(c). (Énfasis nuestro.)

De manera complementaria, el *Reglamento de la Ley de Sociedades Cooperativas de Ahorro y Crédito de 2002*, Reglamento Núm. 7051, en su sección 14(a), sobre la exención contributiva dispone:

a. Las cooperativas, las subsidiarias cien por ciento (100%) poseídas por cooperativas, las empresas financieras de segundo grado y las empresas cooperativas no financieras estarán exentas de contribuciones sobre ingresos, propiedad, arbitrio, patente o cualquier otra contribución impuesta por el Estado Libre Asociado de Puerto Rico, sus subdivisiones políticas o por cualquiera de sus municipios. Las exenciones aquí dispuestas incluirán también **los derechos, sellos, comprobantes de rentas internas relativos al otorgamiento, inscripción y certificaciones del Registro de la Propiedad relacionadas con documentos públicos y privados** y los arbitrios o aranceles estatales o municipales de todo tipo o clasificación. (Énfasis nuestro.)

Por otro lado, y cónsono con lo anterior, en materia registral, la *Ley para Eximir a las Sociedades Cooperativas del Pago de Aranceles en el Registro de la Propiedad de Puerto Rico*, Ley Núm. 114 de 12 de julio de 1960, según enmendada, exime a las cooperativas "... **del pago de toda clase de derechos prescritos para la presentación e inscripción de documentos y demás operaciones en el Registro de la Propiedad de Puerto Rico**". 30 LPRA sec. 1770d (énfasis nuestro.) Además, en virtud de la Ley Núm. 24 del 13 de junio de 1966, que enmendó la Ley Núm. 114, se exime también a las Cooperativas del pago de los derechos dispuestos en la *Ley de Arancel Notarial* (Ley Núm. 101 de 12 de mayo de 1943, 4 LPRA sec. 851-58), "en toda contratación en que disponga de, grave, o enajene sus bienes, así como en toda contratación con sus socios que se relacione con los fines para

los cuales se hayan organizado tales sociedades cooperativas". 30 LPRA sec. 1770d.

**B.**

De otra parte, en materia de gastos de otorgamiento de una escritura, el Artículo 1344 del Código Civil de Puerto Rico, 31 LPRA sec. 3751, dispone: "[l]os gastos de otorgamiento de escritura serán de cuenta del vendedor, y los de la primera copia y los demás posteriores a la venta serán de cuenta del comprador, salvo pacto en contrario." Cod. Civ. P.R. Art. 1344, 31 LPRA Sec. 3751.

Como sabemos, "el original de las escrituras públicas ... que autoriza el Notario permanece en el protocolo de instrumentos públicos que éste conserva en su oficina notarial." Sarah Torres Peralta, *El Derecho Notarial Puertorriqueño*, 12.1 (1995); Emilio Menéndez, *Lecciones de Derecho Notarial*, sec. 23, pág. 42 (1967). La copia certificada de un instrumento público recoge "el traslado literal, total o parcial [del] documento otorgado ante Notario, ... con certificación respecto a la exactitud de su contenido ... así como la firma, signo y rúbrica, y en todos los folios el sello y rúbrica del Notario autorizante." Artículo 39 de la Ley Notarial, 4 LPRA sec. 2061. Véase, además, Regla 49 del Reglamento Notarial, 4 LPRA Ap. XXIV.

El derecho a obtener copias de las escrituras que guarda el notario no es general. El Artículo 43 de la Ley Notarial limita quiénes tienen derecho a obtener copia. Entre éstos, pueden obtener copia: los otorgantes, sus causahabientes o representantes, las personas a cuyo favor resulta de la escritura cualquier derecho, el representante de cualquiera de los otorgantes al momento de solicitar la copia, etc. 4 LPRA sec.

2065. Véase también, Regla 47 del Reglamento Notarial. La copia certificada goza de particular importancia pues, como nos indica la profesora Torres Peralta, es ésta la que el Registrador de la Propiedad utiliza para estudiar "en su fondo y en su forma" la escritura presentada, para calificarla y si procede, inscribirla en el Registro de la Propiedad. Torres Peralta, *op. cit.*, 12.1. Véase también, Menéndez, *op. cit.*, págs. 64-67.

Del texto del Artículo 1344 del Código Civil surge claramente que los cargos de otorgamiento por las partes de una escritura pública corren por cuenta del vendedor, mientras que los que surjan posterior al otorgamiento corresponden al comprador. Por lo tanto, hay que distinguir entre el acto de otorgar una escritura y qué gastos ello supone y los incidentes *post* otorgamiento y los gastos que en esta etapa se generan.

Sobre el Artículo 1455 del Código Civil Español, homólogo de nuestro Artículo 1344, el profesor O'Callaghan Muñoz en sus comentarios al Código Civil Español nos señala: "[s]i tampoco nada se ha pactado, es obligación del comprador el pago de los gastos posteriores a la perfección del contrato de compraventa: de primera copia de la escritura, **y 'demás posteriores' dice este artículo, que serán esencialmente los de inscripción en el Registro de la Propiedad** y el pago del impuesto de transmisiones patrimoniales o del IVA". Xavier O'Callaghan Muñoz, *Código Civil comentado y con jurisprudencia*, 1558 (8va ed. Rev. 2016) (énfasis nuestro).

La Regla 34 del Reglamento Notarial por su parte, describe el otorgamiento como el momento en que las partes comparecen ante un notario y el negocio jurídico que éstos están realizando queda recogido en el instrumento que autoriza el notario. Los gastos

relacionados al otorgamiento incluyen, entre otros, los honorarios del notario y los aranceles correspondientes al otorgamiento, así como cualquier gasto incidental al acto de otorgar. Véase, Enrique Giménez Arnau, *Derecho Notarial* (2nda ed., 1976), cap. XLV. Por otro lado, los gastos relacionados con los incidentes *post* otorgamiento y que el Código Civil ordena corran por cuenta del comprador incluyen, entre otros, el costo de la copia certificada -que es la que se remite al Registro de la Propiedad para su calificación- y los aranceles de presentación y los de inscripción. Véase, Artículo 10 de la Ley Notarial, 4 LPRA sec. 2021; Reglas 14, 49(c)(3), Reglamento Notarial. Véase también, O´Callaghan Muñoz, *op. cit.*; Menéndez, *op. cit.*, págs. 42, 84-85; Giménez Arnau, *op. cit.*, págs. 827-832.

## C.

Según el proceso de inscripción en el Registro, el Registrador está impedido de inscribir un documento que contenga defectos que se originen por disposiciones de ley. 30 LPRA sec. 6387. Conforme a lo cual, al calificar, el Registrador pasa juicio sobre el cumplimiento con el pago de los derechos arancelarios dispuesto en las leyes aplicables, así como con otros requisitos estatutarios que apliquen al negocio jurídico que se pretende inscribir.

La Ley de aranceles registrales por su parte, regula los derechos que se pagarán por las operaciones en el Registro de la Propiedad, incluyendo el acto de solicitar una inscripción, anotación, cancelación o liberación. *ESJ Towers, Inc. v. Registrador*, 150 DPR 298 (2000). Así, el Registrador de la Propiedad tiene el deber en ley de exigir el pago del arancel correspondiente. *Correa Sánchez v. Registrador*, 113 DPR 581

(1982). De esta manera, se fomenta el cobro de derechos de aranceles por cada finca o derecho comprendido en la operación registral efectuada. *Id*. A tenor con esto, en el Artículo 5, la Ley de aranceles registrales establece:

> **No se aceptará para presentación en el Registro de la Propiedad de Puerto Rico ningún documento al cual no se acompañe los correspondientes comprobantes de pago del total de los derechos devengados por esta Ley**, debiendo el registrador poner constancia escrita de ello al pie del documento, si así lo solicitare el interesado. De la actuación del registrador podrá recurrirse al Tribunal Supremo de Puerto Rico mediante la radicación del correspondiente recurso gubernativo; Disponiéndose, que si el interesado deseare acogerse a la protección de sus derechos registrales deberá radicar el pago total de los derechos exigidos por el registrador de la propiedad antes de perfeccionarse el recurso gubernativo. 30 LPRA sec. 1767d. (Énfasis nuestro.)

Como hemos indicado en el pasado, la Ley de aranceles registrales es un estatuto tributario, por lo que los aranceles tienen el carácter de contribución. Véase *Pagán Rodríguez v. Registradora*, 177 DPR 522, 537-538 (2009); *Díaz v. Registrador*, 107 DPR 233 (1978); Luis R. Rivera Rivera, *Derecho Registral Inmobiliario Puertorriqueño* 258 (Jurídica Ed. 2012). También hemos indicado que los estatutos contributivos no se interpretarán de forma expansiva, sino de una manera justa para hacer realidad su objetivo. Además, cuando la imposición de un canon contributivo no surja claro de la ley, debemos interpretarlo de manera favorable al contribuyente. Véase, *B.B.C. Realty v. Secretario Hacienda*, 166 DPR 498 (2005). Véase, además R. Elfren Bernier y otros, *Aprobación e interpretación de las leyes en Puerto Rico*, San Juan, Pubs. J.T.S, 1987, pág. 464.

Antes bien, sobre las exenciones contributivas que los estatutos contributivos otorgan hemos sido claros al pautar que éstas deben interpretarse restrictivamente. Es decir, que en caso

de duda sobre si aplica una exención, tenemos que resolver en contra de su existencia, habida cuenta de que éstas son privilegios excepcionales o gracias que concede el Estado para negar los efectos de las normas tributarias generales. Véase *Pfizer Pharm. v. Mun. de Vega Baja*, 182 DPR 267, 279 (2011). Este Tribunal ha dispuesto que por ser las exenciones contributivas "derogaciones del poder del soberano, no deben extenderse más allá de los términos expresos y exactos del estatuto que las otorga y toda duda debe resolverse en contra de la existencia." *Texas Co. (P.R.) Inc. v. Trib. de Contribuciones*, 82 DPR 134, 160-161 (1961). Véanse, además, *Ortiz Chévere v. Srio. de Hacienda*, 186 DPR 951 (2012); *Interior Developers v. Mun. de San Juan*, 177 DPR 693 (2009); *Director of. Inspección Notarías v. Colón*, 131 DPR 102 (1992); *Gotay Lanuza v. Srio. de Hacienda*, 122 DPR 850 (1988). Esto, siempre y cuando no se frustre la intención legislativa. *Pfizer Pharm. v. Mun. de Vega Baja*, *ante*.

## III.

### a.

Según surge de los hechos reseñados, en el caso que nos ocupa la Cooperativa le vendió a la señora González de Jesús un bien inmueble. De acuerdo con el principio de la autonomía contractual, las partes pactaron en la cláusula J de la escritura de compraventa el pago de los derechos arancelarios conforme dispone el Artículo 1344 del Código Civil de Puerto Rico. 31 LPRA sec. 3751. Es decir, los cargos de otorgamiento de la escritura correspondían al vendedor, la Cooperativa, y la señora González de Jesús asumía el pago de la primera escritura certificada y cualquier otro cargo *post* otorgamiento. En esta cláusula, además, la Cooperativa reclamó "su exención del pago de aranceles en

virtud del 'artículo 6.08 de la Ley 255 de 28 de octubre de 2002, según enmendada 7 LPRA 1366g, de la Ley de Sociedades Cooperativas". Este lenguaje contractual sería suficiente para rechazar los planteamientos de la Cooperativa. Véase discusión, *infra*.

En el recurso gubernativo presentado ante nosotros, el notario que autoriza la escritura de compraventa y quien suscribe el recurso, indica, sorpresivamente, que "[n]o es correcto que ese fue el pacto entre las partes." Asevera que "incurrimos en un error o ambivalencia en cuanto a lo pactado por las partes sobre la distribución de los gastos de escritura." De la explicación que ofrece, tal parece que se trata de un error por un "cortar y pegar", *cut and paste*, que provocó que en la escritura ante nuestra consideración se incluyera el texto de otra escritura. Su "explicación" va dirigida, a todas luces a que obviemos la referencia al Artículo 1344 del Código Civil. No nos convence el Peticionario.

El notario es un profesional del Derecho y es el único funcionario "autorizado para dar fe y autenticidad conforme a las leyes, los contratos ... que en su presencia se realicen." Artículo 2 de la Ley Notarial, 4 LPRA sec. 2002. "La sociedad debe tener en todo notario una garantía de certeza y limpieza en los actos y contratos cuya autenticación le encomienda...". *In re Meléndez Pérez*, 104 DPR 770, 776 (1976). La dación de fe, "condición esencial que inviste al notario como funcionario", le imparte al documento o al acto en que éste interviene una presunción de verdad. Menéndez, *op. cit.*, sec. 18, pág. 31. Conviene recordar lo que indicamos en *In re Jesús Rivera Arvelo*, 132 DPR 840, 863 (1983) (citas omitidas):

> Como custodio de la fe pública, cuando un notario autoriza un documento presuntamente da fe y ´asegura que ese documento cumple con todas las formalidades de ley, formal y sustantivamente, que el documento es legal y verdadero, y que se trata de una transacción válida y legítima'. ... Faltar a la veracidad de los hechos es, por lo tanto, una de las faltas más graves que como custodio de dicha fe puede cometer un notario. ... No sólo quebranta la fe pública notarial, sino también socava la integridad de la profesión al incumplir con el deber de honradez y sinceridad que a todo abogado le impone el Canon 35 del Código de Ética Profesional.

Todo lo cual nos lleva a rechazar el argumento del Peticionario de que la escritura de compraventa hay que leerla e interpretarla al margen de lo que en ella se indica expresamente. Desafortunadamente para el notario, los errores tienen consecuencias.

**b.**

La profesora Torres Peralta nos señala correctamente que, "la inmensa mayoría de las escrituras públicas se otorgan con el propósito de su inscripción en el Registro de la Propiedad". Torres Peralta, *op. cit.*, 12.1. A esos efectos, la escritura de compraventa Núm. 8 de 28 de marzo de 2017 se presentó en el Registro de la Propiedad para su calificación e inscripción. La Cooperativa, ente presentante, no incluyó los aranceles correspondientes a los cargos por presentación e inscripción en el Registro. Ello provocó las faltas notificadas por el Registrador y eventualmente el recurso gubernativo ante nuestra consideración.

Como señalamos anteriormente, la Cooperativa sostiene que, contrario a lo expuesto por el Registrador, ésta no transfirió su exención del pago del arancel registral a un tercero al amparo de la Ley de Cooperativas. Por el contrario, alega que el mero hecho de ser la parte vendedora en la escritura de compraventa es

suficiente para que se active la exención provista en el Artículo 6.08 de la Ley de Cooperativas. En otras palabras, la contención de la Cooperativa es que su exención arancelaria registral se activa para todos los negocios jurídicos inscribibles en el Registro en los que una cooperativa es parte, independientemente de que la inscripción sea o no a su favor. Esta postura no nos convence.

Según reseñamos, el Artículo 1344 del Código Civil establece la obligación de la parte compradora en una escritura de compraventa de pagar los gastos posteriores al otorgamiento. 31 LPRA sec. 3751. Ello incluye, entre otros, los gastos de la copia certificada de la escritura que el notario expide, así como los costes de presentación e inscripción en el Registro de la Propiedad. Las partes en la transacción objeto de este recurso gubernativo invocaron dicho articulado como el acuerdo que pactaban referente al pago de los derechos arancelarios. Queda meridianamente claro que conforme el acuerdo entre las partes es a la señora González de Jesús a quien le corresponde satisfacer el pago de los derechos *post* otorgamiento de la escritura de compraventa, lo que evidentemente incluye los aranceles de presentación e inscripción en el Registro de la Propiedad. Para efectos de la Ley de Cooperativas, la señora González de Jesús, la compradora, es un tercero que no se beneficia de la exención que la ley le confiere a la cooperativa del pago del arancel registral.

El hecho que la Cooperativa haya invocado en la cláusula J su exención del pago de aranceles acorde con la Ley de Cooperativas en nada afecta nuestra conclusión. Al haber invocado el Art. 1344 del Código Civil, cuyo texto le impone al comprador

el pago de los gastos relacionados con la inscripción de la escritura en el Registro de la Propiedad, la Cooperativa estaba imposibilitada de invocar esa exención.

La exención arancelaria provista por la Ley de Cooperativas aplica cuando el negocio jurídico que se inscribirá en el Registro de la Propiedad sea a favor de la cooperativa. Nada hay en la Ley de Cooperativas que nos permita concluir que la Peticionaria puede "transferir" o que su exención arancelaria sea extensible a un tercero. Como indicamos, este Tribunal ha resuelto, que cuando se trata de una exención contributiva, ésta tiene que surgir expresamente en la ley. En caso de duda, debemos resolver en contra de su existencia ya que, como se indicó, las exenciones son privilegios excepcionales concedidos por el Estado. *Pfizer Pharm. v. Mun. de Vega Baja, ante.*

Aquí conviene reseñar brevemente lo que resolvimos en *Estados Unidos v. Registrador de la Propiedad*, 116 DPR 269 (1985), en un contexto similar. En ese caso, la Administración de Hogares para Agricultores, agencia del gobierno de Estados Unidos, vendió un inmueble a un matrimonio. Oportunamente, la escritura de compraventa se presentó en el Registro de la Propiedad para su inscripción, pero el Registrador se negó a inscribir "por no haberse depositado los comprobantes acreditativos del pago de los gastos de sellos notariales e inscripción en el Registro." *Estados Unidos v. Registrador de la Propiedad*, ante, pág. 270. Los compradores acudieron ante este Tribunal en un recurso gubernativo. Éstos adujeron en su escrito que procedía la inscripción de la escritura libre del pago de derechos ya que el gobierno de Estados Unidos "está exento de la obligación" de pagar los aranceles correspondientes, a tenor con la Ley Núm. 81 de 22

de junio de 1954, 32 LPRA sec. 1492 ss.[2] Indicaron que la exención del gobierno de Estados Unidos "cobija también a sus compradores, aun cuando exista, como aquí, pacto en contrario." *Estados Unidos, ante,* pág. 271.

Al confirmar al Registrador de la Propiedad indicamos primero, que en la escritura de compraventa en ese caso la compradora se había comprometido a asumir los gastos de la escritura, su copia certificada y los de su inscripción en el Registro de la Propiedad, lo que era suficiente para confirmar la nota del Registrador. Reconocimos sin embargo la necesidad de aclarar los conflictos que surgían sobre si las exenciones que la

---

[2] El Art. 1 de la Ley Núm. 81 dispone:

> Todo documento público o privado otorgado para los efectos de contratar y garantizar préstamos hipotecarios, de refacción agrícola o de cualquier otra naturaleza, por el Gobierno de los Estados Unidos de América o por cualquiera de sus agencias o instrumentalidades, así como todo otro documento público o privado otorgado para comprobar la entrega del importe del préstamo, o el pago de dicho préstamo en todo o en parte, así como la cancelación total o parcial de las garantías correspondientes, y todo otro documento público o privado que sea necesario otorgarse en relación con dichos préstamos y garantías correspondientes serán autenticados por cualquier notario de Puerto Rico o funcionario público en su caso, **libre de los derechos prescritos por las leyes**. 32 LPRA sec. 1492. (Énfasis nuestro.)

El Art. 2 de dicha ley dispone:

> Las escrituras y otros documentos a que se refiere la sec. 1492 de este título serán inscritos en los registros de la propiedad de Puerto Rico libres de derechos, contribuciones o impuestos de cualquier naturaleza prescritos por las leyes para las operaciones de esos registros. Los procedimientos judiciales que fuere necesario o indispensable tramitar por el Gobierno de los Estados Unidos o por sus agencias o instrumentalidades en relación con los procedimientos señalados en la sec. 1492 de este título **estarán exentos del pago de todos los derechos arancelarios que las leyes exijan**. 32 LPRA sec. 1492. (Énfasis nuestro.)

ley le confería al gobierno de Estados Unidos se extendían a terceras personas.

Luego de analizar la ley y su historial legislativo concluimos que no había razón o explicación alguna que nos permitiese una lectura laxa de la Ley Núm. 81 para extender los beneficios arancelarios del gobierno de Estados Unidos a terceros. Rechazamos así el planteamiento concluyendo que "[c]uando la Asamblea Legislativa ha querido eximir del pago de derechos de inscripción a agencias estatales, federales o a cualquier persona o entidad particular lo ha hecho en forma expresa." *Estados Unidos v. Registrador de la Propiedad, ante.*

Al igual que en *Estados Unidos v. Registrador de la Propiedad*, *ante*, en este caso no hemos encontrado nada en la ley o su historial que nos permita concluir que en efecto la intención de la Asamblea Legislativa fue hacer extensiva a terceros las exenciones arancelarias concedidas a las cooperativas como vehículo para fomentar su crecimiento. No hay duda que una escritura de compraventa mediante la cual **una cooperativa adquiere** un inmueble estará exenta del pago de aranceles en el Registro de la Propiedad. Sin embargo, la Ley guarda silencio en torno a si dichas exenciones son extensibles a quienes **adquieran de una cooperativa** un inmueble y presentar la escritura para inscripción.

Al revisar el historial legislativo de la Ley Núm. 24 del 13 de junio de 1966, que como vimos enmendó la Ley Núm. 114 añadiendo una segunda oración para eximir a las cooperativas de **los aranceles notariales**, surge que la Comisión de lo Judicial de la Cámara de Representantes del Estado Libre Asociado de Puerto Rico, al comentar el P. del S. 264, que se convirtió en la Ley Núm. 24, afirmó lo siguiente:

> La enmienda que recomienda vuestra Comisión tiene el propósito de fijar con claridad suficiente, el tipo de contratación que quedará exento del pago de tales derechos **evitando así que posibles terceras personas que puedan negociar con las cooperativas, se beneficien de las disposiciones de la medida, más allá de la intención legislativa.** (Énfasis nuestro.)

Estas expresiones, si algo, militan en contra de la postura asumida por la Cooperativa ante el Registrador y este Tribunal. De éstas se desprende diáfanamente que la intención del legislador fue que las exenciones relacionadas con los aranceles notariales aplicasen exclusivamente a las cooperativas y no a quienes negocian con éstas. No es irrazonable concluir también que lo dispuesto en la primera oración de ese articulado referente a los aranceles registrales, sólo está disponible para las cooperativas cuando inscriben un negocio a su favor y no a terceras personas que negocian con éstas. Consideramos que sólo de esa forma adelantamos los propósitos y la política pública que se establece en la Ley de Cooperativas.[3]

Para resumir, la Ley de Cooperativas y la Ley de aranceles registrales, están huérfanas de expresión alguna indicativa de que su propósito haya sido proveerle **a toda persona** que haga negocios con una cooperativa el derecho a beneficiarse de una exención contributiva registral que por gracia del Estado se le concedió a las cooperativas. A fin de cuentas, el propósito de una exención es favorecer la inscripción de bienes inmuebles a favor de las cooperativas como mecanismo que permite desarrollar el potencial adquisitivo de estas entidades y de esta forma su

---

[3] El argumento de la Cooperativa de que tiene interés "en que el inmueble cese de estar inscrito a su nombre", es insuficiente para dejar a un lado el texto de la ley y leer una exención donde no la hay. Después de todo, como hemos dicho tantas veces, el Registro ni quita ni da derechos.

inserción en el mercado. Cobijar a un tercero con dicha extensión en nada abona a ese claro objetivo.

Evaluadas las contenciones de las partes a la luz del Derecho aplicable y predicado en ello, concluimos que el argumento esgrimido por la Cooperativa no encuentra apoyo ni en el texto de las leyes que hemos interpretado ni en su historial legislativo. Tal lectura no es cónsona con el objetivo que persigue la exención concedida. Por todo lo cual, resolvemos que la exención contributiva registral sólo aplicará cuando los documentos presentados para inscribirse en el Registro sean **a favor** de las Cooperativas y sus subsidiarias.[4]

En mérito de la discusión que antecede, se confirma la nota del Registrador de la Propiedad. Se devuelve el caso al Registro de la Propiedad para el trámite que corresponda.

Se dictará sentencia de conformidad.

Anabelle Rodríguez Rodríguez
Juez Asociada

---

[4] Claro está, nada impide que, en el futuro, la Asamblea Legislativa enmiende la ley para atender la situación que la cooperativa plantea en su recurso gubernativo. Ese sería el vehículo adecuado para atender su reclamo.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Cooperativa de Ahorro y Crédito San Blas de Illescas<br><br>Peticionarios<br><br>v.<br><br>Hon. Ismael L. Purcell Soler, Registrador de la Propiedad de Guayama<br><br>Recurrido | **Núm.** RG-2017-0002 | |

SENTENCIA

En San Juan, Puerto Rico, a 6 de diciembre de 2018.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte de esta Sentencia, se confirma la nota del Registrador de la Propiedad. Se devuelve el caso al Registro de la Propiedad para el trámite que corresponda.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez concurre con el resultado sin opinión escrita. El Juez Asociado señor Estrella Martínez concurre con las siguientes expresiones:

"El Juez Asociado señor Estrella Martínez concurre con el resultado al cual llega la Mayoría, pues entiende que la Asamblea Legislativa no ha sido expresa en eximir a las cooperativas del pago de aranceles registrales por instrumentos públicos a favor de terceros. Esto, pues conforme al precedente en materia de contribuciones, las exenciones de aranceles deben ser claras y expresas. Véase, *Estados Unidos v. Registrador de la Propiedad*, 116 DPR 269, 274 (1985), donde interpretamos que las exenciones contributivas de las agencias federales del "pago de toda clase de derechos prescritos para la inscripción de documentos y demás operaciones en el Registro de la Propiedad de Puerto Rico" no es lo suficientemente expresa como para extenderse a los compradores. En consecuencia, cuando el documento a inscribirse sea a favor de un tercero -como un comprador- la cooperativa que presente un documento ante el Registro de la Propiedad deberá pagar los aranceles

registrales correspondientes, entiéndase, el comprobante de presentación, el comprobante de inscripción y el sello del Código Político.

Sin embargo, la Asamblea Legislativa sí ha sido clara al disponer que las cooperativas están exentas de pagar aranceles notariales "en **toda contratación en que disponga de, grave, o enajene** sus bienes, así como en **toda contratación con sus socios** que se relacione con los fines para los cuales se hayan organizado tales sociedades corporativas". (Énfasis suplido). *Ley para eximir a las sociedades cooperativas del pago de aranceles en el Registro de la Propiedad de Puerto Rico*, Ley Núm. 114 de 12 de julio de 1960, según enmendada, 4 LPRA sec. 1770d. Por tanto, las cooperativas no están obligadas a abonar los aranceles notariales que se deben en el otorgamiento de la escritura, a saber, el sello de rentas internas, el sello de impuesto notarial y el sello de la Sociedad para la Asistencia Legal. A raíz de ello, de la intención legislativa se desprende que "la medida amplía la exención del pago de derechos para incluir todos los derechos arancelarios (rentas internas) en relación con el **otorgamiento** de toda clase de documentos e instrumentos autorizados por notario público, que hayan de ser protocolizados **en los cuales sea una cooperativa una de las partes**". (Énfasis suplido). P. del S. 264 de 12 de enero de 1966, Informe Comisión de lo Jurídico Civil del Senado, pág. 1. Cónsono con ello, la Comisión de lo Judicial de la Cámara de Representantes interpretó que las cooperativas:

> [Q]uedarán exentas de pagar los derechos que por ley se cancelan de los instrumentos públicos que se otorgan ante notario en Puerto Rico siempre que:
> 1. La contratación sea para **enajenar** los bienes de la cooperativa o disponer de ellos;
> 2. la **contratación sea entre la cooperativa y sus socios** y responda a los fines para los cuales fue[sic] creada la cooperativa. (Énfasis suplido). P. del S. 264 de 12 de enero de 1966, Informe Comisión de lo Judicial de la Cámara de Representantes, 2da Sesión Ordinaria, 5ta Asamblea Legislativa, pág. 1.

Por todo lo anterior, a diferencia de lo plasmado en la Opinión, opino que la Cooperativa de Ahorro y Crédito San Blas de Illescas del caso de epígrafe sí está exenta de pagar los aranceles

notariales. Esto, pues la Cooperativa es parte del negocio jurídico reflejado en la escritura, el instrumento público tiene como efecto la enajenación de un bien de la Cooperativa y la contratación fue con una socia de la Cooperativa. No obstante, por no incidir en el resultado en cuánto a los aranceles registrales, concurro."


José Ignacio Campos Pérez
Secretario del Tribunal Supremo