Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL (VII)

| | | |
|---|---|---|
| ROBERTO VELÁZQUEZ TORRES<br><br>Demandante-Peticionario<br><br>v.<br><br>DIANA O. LÓPEZ DEL POZO<br><br>Demandada<br>_____<br><br>STEPHANIE M. VELÁZQUEZ LÓPEZ<br><br>Demandante-Recurrida<br><br>v.<br><br>ROBERTO VELÁZQUEZ TORRES,<br>DIANA O. LÓPEZ DEL POZO<br><br>Demandados | KLCE202300282 | *CERTIORARI*<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Civil núm.:<br>J DI2017-0331 (303)<br><br>Sobre:<br>Divorcio (RI)<br>_____<br><br>Civil núm.<br>PO2019RF00070 (303)<br><br>Sobre: Alimentos entre Parientes |

Panel integrado por su presidenta la Jueza Ortiz Flores, la Jueza Romero García y el Juez Rivera Torres.

**Rivera Torres, Juez Ponente**

### RESOLUCIÓN

En San Juan, Puerto Rico a 31 de marzo de 2023.

Comparece ante este Tribunal de Apelaciones, el Sr. Roberto Velázquez Torres (el señor Velázquez Torres o el peticionario), mediante la *Petición de Certiorari* de epígrafe solicitándonos la revisión de la *Orden* emitida el 9 de marzo de 2023, notificada al día siguiente y la *Resolución* dictada el 14 de marzo, notificada ese mismo día, por el Tribunal de Primera Instancia, Sala Superior de Ponce (el TPI). Mediante dichos dictámenes, el foro primario resolvió mediante una *Orden*, *Nada que Proveer* a la moción solicitando

Número Identificador
RES2023_____

desestimación de la demanda por falta de jurisdicción instada por el peticionario, y en la *Resolución*, le ordenó el pago de varias partidas incluyendo los honorarios de abogado.

Por los fundamentos que expondremos a continuación, denegamos expedir el recurso solicitado.

**I.**

El presente caso comenzó con una demanda de divorcio bajo la causal de ruptura irreparable. El 24 de mayo de 2018 se emitió la *Sentencia* decretando roto y disuelto el vínculo matrimonial existente entre el señor Velázquez Torres y la Sra. Diana O. López Del Pozo. Al momento de la presentación de la demanda de divorcio, dos de sus hijas eran menores de edad, a saber: Stephanie Marie Velázquez López y Natalia M. Velázquez López. Por lo que en la Sentencia de divorcio se acogió el informe del Examinador de Pensiones Alimentarias (EPA), quien recomendó que se le impusiera al aquí peticionario, una pensión alimentaria provisional de mil dólares ($1,000) mensuales, efectiva desde el 26 de mayo de 2017 y que sería entregada directamente a sus dos hijas menores alimentistas. El peticionario, además, asumiría el pago de los estudios universitarios de las menores; así como de hospedaje y la cubierta de plan médico. De igual forma, asumiría en su totalidad, el gasto por concepto de transportación aérea en los meses de agosto, diciembre, enero y mayo.

El 20 de junio de 2019 una de sus hijas, Stephanie Marie Velázquez López, incoó una demanda de alimentos entre parientes solicitando alimentos para estudios postgraduados. Alegó haber sido admitida en la American University Washington College of Law en Estados Unidos. Más tarde, otra de las hijas, Natalia M. Velázquez López, solicitó la intervención en el reclamo de alimentos entre parientes.

Luego de un extenso trámite, el cual es innecesario consignar, el 7 de marzo de 2023 el señor Velázquez Torres presentó un escrito titulado *Moción en Solicitud de Adjudicación sobre Petitorio de Falta de Jurisdicción como requisitos previos de interpretación a solicitud de recuso especial (Write of Mandamus).* En esencia, señaló que Stephanie Marie cumplió 25 años el 21 de octubre de 2022, por lo que el tribunal perdió jurisdicción en el caso de alimentos entre parientes debido a que esta no ha cursado estudios de manera interrumpida. Indicó que "[a]quí ya no hay discreción del Tribunal. Se trata de la extinción de la obligación por cumplimiento de condiciones y por el ministerio de ley."[1]

Atendida la moción, el 9 de marzo de 2023, notificada al día siguiente, el TPI dictó una *Orden* en la cual dispuso:

> Nada que proveer, aténgase la parte demandante, Roberto Velázquez Torres a las órdenes del Tribunal. Repetimos que el caso tiene continuación de vista evidenciaria para el 14 de marzo de 2023. Cumpla con las órdenes del Tribunal.

El 14 de marzo siguiente, notificada ese mismo día, el foro *a quo* dictó otra *Orden* resolviendo lo siguiente:

> El Tribunal le concede al Sr. Roberto Velázquez Torres el término de 10 días, para el pago de: $9,304.11 de hospedaje; $1,760.00 de gastos por seguro médico, $1,955.64 de libros e internet, para un total de $13,019.75. Además, se le impone el pago por concepto de honorarios de abogados por la cantidad de $20,000.00 pagadero a $10,00 a cada joven, so pena de encontrarlo incurso en desacato y ordenar su arresto.

Inconforme con dichas determinaciones, el peticionario acude ante este tribunal intermedio imputándole al foro de primera instancia la comisión del siguiente error:

> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA (TPI) AL NO QUERER EXPRESARSE, LUEGO DE QUE ELLO SE LE SOLICITARA EN TRES ESCRITOS Y/O MOCIONES, DE QUE DEBÍA DESESTIMARSE EL PLEITO DE ALIMENTOS ENTRE PARIENTES INCOADO POR LA JOVEN STEPHANIE MARIE VELÁZQUEZ LÓPEZ POR FALTA DE JURISDICCIÓN CUANDO ESTA YA NO CUMPLE CON LOS REQUISITOS LEGALES (ARTÍCULO 655 DEL CÓDIGO CIVIL), NI JURISPRUDENCIALES PARA SER

---

[1] Véase el Apéndice del Recurso, a la pág. 15.

ACREEDORA DE TAL BENEFICIO, POR CUANTO EN ESTE CASO LA OBLIGACIÓN DE ALIMENTAR SE EXTINGUIÓ POR MINISTERIO DE LEY. TODO ELLO EN VIOLACIÓN AL DEBIDO PROCESO DE LEY DEL CUAL SE LE PRIVÓ AL PETICIONARIO.

Examinado el recurso presentado, determinamos prescindir del trámite ulterior, según nos faculta la Regla 7(B)(5) del Reglamento de este Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7(B)(5). Esta norma nos faculta para prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante nuestra consideración, con el propósito de lograr su más justo y eficiente despacho.

## II.

Todo recurso de *certiorari* presentado ante este tribunal intermedio debe ser examinado primeramente al palio de la Regla 52.1 de las de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 52.1. En el presente recurso, el asunto versa sobre una resolución interlocutoria que provee sobre una solicitud de alimentos entre parientes, que corresponde a un asunto de relaciones de familia, por lo que se trata de una materia contenida en la regla antes citada.

En segundo lugar, nos toca analizar el asunto que se nos plantea a la luz de los criterios enumerados en la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40. Distinto al recurso de apelación, este tribunal posee discreción para expedir el auto el *certiorari. Feliberty v. Soc. de Gananciales*, 147 DPR 834, 837 (1999). Por supuesto, esta discreción no opera en el vacío y en ausencia de parámetros que la dirija. *I.G. Builders et al. v. BBVAPR, supra; Rivera Figueroa v. Joe's European Shop*, 183 DPR 580 (2011). Precisa recordar que la discreción ha sido definida como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera." *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 434-435 (2013).[2] Así pues, se ha

---

[2] Citas omitidas.

considerado que la discreción se nutre de un juicio racional cimentado en la razonabilidad y en un sentido llano de justicia y "no es función al antojo o voluntad de uno, sin tasa ni limitación alguna." *Íd.*[3]

Por último, puntualizamos que en el ejercicio de las facultades del Tribunal de Primera Instancia merece nuestra deferencia, por tanto, solo intervendremos con el ejercicio de dicha discreción en aquellas instancias que se demuestre que el foro recurrido: (1) actuó con prejuicio o parcialidad; (2) incurrió en un craso abuso de discreción; o (3) se equivocó en la interpretación de cualquier norma procesal o de derecho sustantivo. *Ramos v. Wal-Mart*, 165 DPR 510, 523 (2006); *Rivera Durán v. Banco Popular de Puerto Rico*, 152 DPR 140, 154 (2000).

### III.

Examinado el recurso presentado, así como los documentos incluidos en el Apéndice, colegimos que, al palio de la Regla 40 de nuestro Reglamento, antes citada, no procede expedir el auto de *certiorari* solicitado.

Del análisis del expediente y de los incidentes procesales, no surge que el TPI, en el manejo del caso, haya incurrido en un abuso de discreción o actuado bajo prejuicio o parcialidad. Más bien, el proceder resulta ser adecuado conforme a lo determinado. Además, resulta importante apuntar que los asuntos expuestos por el peticionario son materia de prueba que tiene que ser dirimida por el foro recurrido. Sobre este punto, no podemos ignorar que, del expediente surge, que el foro recurrido ha señalado varias vistas para atender los planteamientos del señor Velázquez Torres las cuales han sido suspendidas. Asimismo, surge de la *Orden* impugnada que el foro recurrido claramente dispuso que el caso "tiene continuación de

---

[3] Cita omitida.

vista" y del apéndice del recurso surge que se transfirió la vista para los días 14 de marzo y 12 de abril de 2023.[4] Lo que implica que ante el TPI se están ventilando los argumentos que el señor Velázquez Torres presenta ante nuestra atención. Por tanto, nuestra intervención, en esta etapa de los procedimientos, provocaría una dilación innecesaria de los mismos y más aún, afectaría la pronta resolución que el propio peticionario interesa.

De otro lado, precisa advertir que en la *Resolución* recurrida del 14 de marzo de 2023, el TPI ordenó al peticionario al pago de ciertas partidas, y en su escrito, este no realiza una discusión adecuada y fundamentada del por qué no procede efectuar el desembolso. El mero hecho de que una de las hijas haya cumplido 25 años de edad no puede ser el único criterio al tenor de la legislación regente y la jurisprudencia interpretativa.

En fin, el peticionario falló en demostrar que el foro primario se haya equivocado en la interpretación o aplicación de alguna una norma procesal y que, intervenir en esta etapa, evitaría un perjuicio sustancial contra este. A su vez, sin duda alguna, el foro *a quo* posee jurisdicción para atender la controversia que tiene ante su consideración. Por consiguiente, reiteramos que no nos vemos persuadidos a intervenir en esta etapa de los procedimientos.[5]

**IV.**

Por lo antes expuesto, se deniega la expedición de la *Petición de Certiorari*.

Notifíquese inmediatamente.

---

[4] Véase el Apéndice del Recurso, a la pág. 6

[5] Destacamos que no surge del expediente apelativo que el foro *a quo* haya resuelto definitivamente la petición de alimentos entre parientes que fuese instada por Stephanie Marie el 20 de junio de 2019. Sabido es que la obligación alimentaria no cesa automáticamente y el foro de primera instancia tiene que examinar la solicitud al palio de los criterios jurisprudenciales desarrollados por nuestra última instancia judicial. Véase, *Key Nieves v. Oyola Nieves,* 116 DPR 261 (1985), y *Argüello v. Argüello,* 155 DPR 62, 71 (2001).

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones